LONG ISLAND BOTTLERS' UNION, Respondent, *v.* BOTTLING BREWERS' PROTECTIVE ASSOCIATION, Appellant.

*Examination to enable plaintiff to frame his complaint — not proper before action is begun.*

Sections 871–876 of the Code of Civil Procedure do not authorize the examination of witnesses to enable the plaintiff to frame a complaint in an action not yet commenced.

APPEAL by the defendant, the Bottling Brewers' Protective Association, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of May, 1901, denying a motion to vacate an order for the examination of the treasurer of the defendant.

*Martin Paskusz* [ *William S. Gordon* with him on the brief], for the appellant.

*Charles M. Stafford*, for the respondent.

WILLARD BARTLETT, J. :

I do not see how the order for the examination of the defendant's treasurer can be upheld. The order was granted before the action was commenced. The Appellate Division in the first department has distinctly held that a witness cannot be examined under sections 871 to 876 of the Code of Civil Procedure to enable a plaintiff to frame a complaint in an action which is not yet commenced. (*Mat-*

*ter of Anthony & Co.*, 42 App. Div. 66.) There is nothing in the language of the Court of Appeals in *Matter of Attorney-General* (155 N. Y. 441, 445) which is in conflict with this conclusion. "Many orders are made by judges out of court," says HAIGHT, J., in that case, "preliminary to the bringing of an action, including the provisional remedies, orders for the publication of the summons, substituted service and leave to bring actions where such is required by the provisions of the Code." It is to be observed, however, that in the examples given there are express provisions of the Code permitting provisional remedies to be granted to accompany the summons (§§ 558, 608, 638), and that, so far as orders of publication and for substituted service are concerned, they must, in the very nature of the procedure, precede the service of the summons for which they provide. In the case of *Frothingham* v. *Broadway & Seventh Ave. R. R. Co.* (9 Civ. Proc. Rep. 304) cited by the respondent, it distinctly appears that the action had already been commenced. (See p. 308.)

This court should not sanction a practice which has been condemned unanimously by the first department in *Matter of Anthony & Co. (supra)*, and I, therefore, advise a reversal.

GOODRICH, P. J., WOODWARD, JENKS and SEWELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.