ELMER M. LAUFFER and Another, Respondents, *v.* EASTERN STAR TEMPLE, Defendant.
CHARLES A. KLOCKE and Others, Appellants.

Fourth Department, November 12, 1924.

Depositions — examination of witnesses and production of documentary evidence for purpose of identifying defendant — order may be made under Civil Practice Act, § 295, and Rules of Civil Practice, rule 123 — notice not required under Civil Practice Act, § 292 — production of books and papers properly ordered under Civil Practice Act, § 296 — papers should not be entitled as in action.

A plaintiff in a prospective action who is unable to identify the person or persons liable is, on a proper showing, entitled to an order, under section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, for the examination of witnesses who are shown to have some knowledge or information as to the identification of those who are liable to the prospective plaintiff.

It is not necessary for the prospective plaintiff to give notice of the application, as required by section 292 of the Civil Practice Act, since that section relates only to cases where the parties have appeared or answered.

It is proper for the court, under section 296 of the Civil Practice Act, to direct the witnesses who are to be examined to produce books and papers material to the examination.

The papers, however, should not be entitled as in an action, since no action is pending, but should be entitled as in a special proceeding.

APPEAL by Charles A. Klocke and others from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 15th day of July,

1924, denying their motion to vacate and set aside an order entered in said clerk's office on the 3d day of June, 1924, directing them to appear and submit to examination before trial and to bring with them certain documentary evidence.

*Harding & Harding* [*Frank Harding* of counsel], for the appellants.

*Herbert P. Miller,* for the respondents.

TAYLOR, J.:

It appears that the plaintiffs herein were architects; that they were engaged to prepare plans and specifications for a certain building to be erected in Buffalo, N. Y., to be known as Eastern Star Temple; that plaintiffs dealt with a committee composed of the persons directed to appear for examination; that this committee represented some organization or organizations unknown to the plaintiffs, and that the plaintiffs have no means of ascertaining such facts except through examination of the persons named and cited. The appellants moved to vacate the order requiring them to appear for examination, which motion was denied and this appeal results. The only point involved, although an important point, is whether or not a person claiming to have a legal right and remedy can thus have such an examination before trial for the sole purpose of identifying the defendant.

Under the provisions of the former Code of Civil Procedure there was a conflict in the First, Second and Third Departments as to whether or not an order such as that involved here could be granted. Its appropriateness was upheld in an opinion by Mr. Justice WOODWARD in *Matter of Weil* (25 App. Div. 173) and in the opinion in *Matter of Nolan* (70 Hun, 536). Such an order was held to be unauthorized in *Matter of Moto Bloc Import Co., No. 1* (140 App. Div. 532); *Matter of Ellett* v. *Young* (95 id. 417, 419), and *Matter of Schlotterer* (105 id. 115; followed and approved in *Matter of Dain's Sons Co.,* 204 N. Y. 623).

It is for us to determine what our present Civil Practice Act and Rules of Civil Practice provide and whether or not the above-mentioned *contra* authorities are still controlling.

To understand the reasons given for holding that under the Code of Civil Procedure the instant order would be unauthorized, we really need to consider only the opinion of MILLER, J., in the *Schlotterer Case* (*supra*). In that case the court says: " It will be observed that neither said provisions of the Code of Procedure [§ 389 *et seq.*] respecting the examination of parties, nor the provisions of the Revised Statutes (Pt. 3, chap. 7, tit. 3, art. 5; 2 R. S. 398, § 33 *et seq.*) respecting the examination of witnesses, specified all the

requirements necessary to be stated in the affidavit of the applicant, now contained in section 872 of the Code of Civil Procedure, and these additional provisions of section 872 of the Code of Civil Procedure were undoubtedly designed as safeguards to prevent the possible abuses referred to by the court in *Merchants' Nat. Bank* v. *Sheehan* (101 N. Y. 176). It is also to be observed that the examination of a party provided for by the Code of Procedure only authorized an examination in a pending action. The provisions of the Code of Procedure relative to the examination of a party, and of the Revised Statutes relative to the perpetuation of the testimony of a witness, were incorporated in article 1 of title 3 of chapter 9 of the Code of Civil Procedure, enacted in 1876. (See Laws of 1876, chap. 448.) Section 870 of said Code, as originally enacted, only provided for the deposition of a party to a pending action. This section was amended by chapter 299 of the Laws of 1878, by providing for the examination of a party to an action about to be brought, and sections 872 and 873 were amended by chapter 542 of the Laws of 1879, by incorporating among other additional provisions the sentences quoted (*supra*), since which time no change has been made in these sections of the Code of Civil Procedure material to the question now under consideration. It is clear, therefore, that the purpose of the amendment of 1879, in the respects alluded to, was to limit the examination of an expected party to a case where such examination was sought for the purpose of perpetuating testimony."

Next it is necessary to analyze the present Rules of Civil Practice and the sections of the Civil Practice Act which apply. Section 870 of the Code of Civil Procedure provided for taking the deposition of one who was to be a party and one who expected to be a party to an action. Section 871 made similar provision as to one not a party. All that is left of sections 870 and 871 of the Code of Civil Procedure is to be found in sections 288, 293 and 295 of the Civil Practice Act. Of these section 288 makes provision for all perpetuation of testimony, including the situation covered by subdivision 5 of section 872 of the Code of Civil Procedure; and section 293 provides only for taking testimony during trial or after judgment. All the rest of section 872 which is still recognized is covered as follows: Subdivision 3 by rule 123 of the Rules of Civil Practice; subdivision 4 is covered by section 290 of the Civil Practice Act and rule 122 of the Rules of Civil Practice; subdivision 5 is covered by said section 288, and subdivision 7 is covered by sections 288 and 289 of the Civil Practice Act and by rule 122 of the Rules of Civil Practice. As to subdivision 6 of section 872 of the Code of Civil Procedure, all that is left of it is

found (rewritten) in rule 123 of the Rules of Civil Practice. Here it is to be noted that all the details formerly contained in subdivision 6 of said section 872 concerning the place of business, etc., are omitted in rule 123, as are the words " persons  *  *  * expected to be adverse parties;" indicating (it may be) that others than expected parties may be examined.

Rule 122 of the Rules of Civil Practice makes provision in part for an examination to enable the drafting of a complaint. It seems to apply only after action brought and contains nothing prohibitory of the sort of examination we now have under discussion.

Section 295 of the Civil Practice Act reads as follows: " Testimony which is material to an expected party in the prosecution or defense of an action about to be brought in a court of record may be taken at his instance, by deposition, if the taking or preservation thereof is necessary for the protection of his rights. Such testimony may be taken only in pursuance of an order of a court in which the action may be brought, or a judge thereof." First, it is to be observed that the words " if the taking or preservation thereof is necessary for the protection of his rights " and all the remainder of the section are not found in the Code of Civil Procedure, sections 870 and 871. Next, it is to be observed, the words " taking or preservation " are used to clearly indicate a provision for something besides " preservation; " something more than an examination *de bene esse*. So it seems clear that, although the word " testimony " is used instead of the word " information " (for an expected party to a proposed action), this does not require any conclusion that perpetuation only is contemplated.

The appellants contend that notice was necessary. (Civ. Prac. Act, § 292.) In this case it is apparent that no notice could have been given, for, as section 292 provides, notice must be given to those parties " who have appeared or answered."

Therefore, in view of the language of said section 295 and the respects in which rule 123 differs from the Code of Civil Procedure, section 872, subdivision 6, we find that the words " testimony be perpetuated " at the end of rule 123 are not used to indicate or suggest the old examination *de bene esse*, but only to say in other language " testimony be taken." And the general conclusion seems to be reasonable, not only that the Civil Practice Act and the Rules of Civil Practice now authorize the order under review, but that the provision is in the interest of justice. As bearing upon the last suggestion, it is intimated in the opinion in *Matter of Titanium Alloy Mfg. Co.* (198 N. Y. Supp. 503), that the effect of such an order as the instant one would be to permit the indiscriminate harassing of countless witnesses

in a general search for a defendant. Even if it be not sound to assert that the possible inconvenience of some persons should not be allowed to prevent an individual from identifying the person appropriately alleged to be in some manner legally liable to such individual, any such unfair annoyance may be substantially obviated by requiring a moving party to make a preliminary showing to the court so satisfactory that no person would be cited who was not clearly shown to have knowledge or information warranting his examination.

As to the portion of the order under consideration concerning the production of books and papers, this is authorized by the Civil Practice Act, section 296.

The papers herein are entitled as in an action. Obviously, there is thus far no action pending, but only a proceeding preliminary to a possible action. Better practice would demand entitling accordingly.

The order should be affirmed, with ten dollars costs to respondents.

HUBBS, P. J., DAVIS, SEARS and CROUCH, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.