AL H. WOODS and Another, Respondents, *v.* JAMES BARTON, Appellant.

First Department, April 19, 1929.

*Monroe J. Cahn,* for the appellant.

*Aron Steuer* of counsel [*Max D. Steuer,* attorney], for the respondents.

MARTIN, J.  This controversy involves the right of the plaintiffs before issue was joined to examine a defendant who denied possession of certain property in an action in replevin when the sheriff made a demand therefor.  It is admitted by respondents that this is not an examination before trial and that the rules governing such an examination do not apply.

The respondents contend that there is an inherent power in the court to direct such an examination.  The appellant contends that the court is without such power, that such an examination may be granted only by statutory authority, and that neither article 29 nor article 66 of the Civil Practice Act authorized such examination.

On December 4, 1928, the plaintiffs brought an action in replevin to recover certain motion picture films.  The sheriff of New York county, upon a requisition to replevy, demanded the films from the defendant, who denied they were in his possession.  Before defendant's time to answer had expired, on December 8, 1928, plaintiffs moved by an order to show cause for the order from which this appeal is taken.  The moving papers concede that the films were deposited with defendant in London, England.  To establish that defendant had caused their removal to New York, the moving affidavit sets forth a cable to that effect sent by the plaintiff Al H. Woods to Martin Herman.

In his answering affidavit, defendant avers that the films were

deposited with him by the plaintiff Al H. Woods, personally, at which time the said plaintiff stated that defendant could hold them as security for the payment of his compensation for effecting a sale of the rights therein, payment of which, the defendant says, plaintiffs have evaded.

The defendant denies the statements attributed to him that he would not deliver the films until he had been paid for his services. He also denies that Mr. Herman brought to his attention notice of an assignment, and says that the only conversation he had with Herman was to request him to obtain an interview for him with the plaintiff Al H. Woods, to enable him to obtain his compensation, which interview was refused.

The cases cited by the plaintiffs to sustain their contention deal with the inherent power of the courts. They do not sustain the proposition here presented.

At the outset it must be borne in mind that the parties admit that there is no statutory authority for this examination; and unless there is inherent power in the court, there is no power to make the order.

In *Heishon* v. *Knickerbocker Life Ins. Co.* (77 N. Y. 278) the court in passing upon the right to an examination before trial said: " The right of the plaintiff to have the examination of these two defendants is strictly statutory. Independent of the statute, there is no such right. The court has no inherent or common law power to order the examination."

The court there held that the Special Term had no power to grant an order for the examination of a defendant for the purpose of enabling the plaintiff to make and serve his complaint. The court then proceeds to state why the right to such an examination is purely statutory and to point out that the practice required by the statute protects all parties and must be followed. The opinion concludes with the statement that if there is no statute giving such power, there is no such right.

In *Mitchell* v. *Schroeder* (94 Misc. 270) the Appellate Term discussed the question of the then existent right to examine adverse parties in actions at law. The court there said: " The right to examine an adverse party is purely a statutory right. The courts have no inherent power to grant such an order." (Citing *Heishon* v. *Knickerbocker Life Ins. Co.*, 77 N. Y. 278.)

The court further said: " The right to an order of examination cannot I think strictly be considered as a matter of practice or procedure in an action; it is a right given to a party in the action by statute, and, though the order is obtained in the action and not in a special proceeding, yet that order can be made only by

virtue of the power conferred by statute, and is not merely a matter of practice or procedure of the court in the action."

In *McColl* v. *Sun Mutual Ins. Co.* (50 N. Y. 332) a similar question was under consideration and the court said: " We are of opinion that under this statute where an issue of fact has been joined a commission is not authorized to be issued, unless the issue of fact is depending when the application is made and the right to a trial of the issue appears upon the record."

The court there emphasized the fact that the issuance of a commission or an examination should not be permitted unless there is an issue pending and then only if there is statutory power to grant the relief sought.

The authority cited by the respondents (*Matter of Bar Association of City of N. Y.*, 222 App. Div. 580), which reviewed a number of cases, held that the court had inherent power only to provide against certain conditions or abuses.

The respondents quote from the case of *Davis* v. *Zimmerman* (91 Hun, 489), referred to with approval by this court in *Matter of Bar Association of City of N. Y.* (*supra*) as follows: " The Supreme Court of this State has original and general jurisdiction of all cases in law and equity (Const. art. 6), with unlimited power to protect the rights of persons and property by adopting and enforcing all of the remedies afforded by an enlightened jurisprudence which are not inconsistent with the Constitution of the State, and it is its privilege and duty to mould and expand its processes so as to afford adequate protection to the rights of all citizens."

The inherent power of the court is not absolute. It does not go to the extent of permitting a practice whereby a replevin action may be commenced and, if the plaintiff is unable to make a levy on the goods he is seeking to replevin, to summarily order the defendant to court to disclose information with reference to the location of the goods to be seized. If the practice followed should be considered necessary or appropriate, the statute may be extended by the Legislature to permit such an examination.

There being no power in the court to grant the order, it should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.