In the Matter of HERBERT T. SILVERBERG.

Supreme Court, Erie County, August 24, 1934.

*Frederick Mellor* [*Wallace H. Miller* of counsel], for the motion.

*O'Brien, Driscoll & Raftery* [*Herbert T. Silverberg* of counsel], opposed.

MACGREGOR, J. Upon petition of George McCarthy, an infant over the age of fourteen years, residing in the city of Torrington, State of Connecticut, Herbert T. Silverberg, an attorney, residing in the city of Buffalo, N. Y., was, by an order signed by Mr. Justice HINKLEY on May 21, 1934, appointed his guardian *ad litem*.

It appeared from the petition that the infant claimed that an action was about to be instituted by him against some unknown person for negligence resulting in injuries to him. It is alleged that he

was riding a bicycle in the city of Torrington, Conn., in 1929 when he was collided with by a man who was operating an automobile; that at the time his bicycle was damaged and his knee was injured; that it was supposed at the time that the injury to the knee was slight and a settlement was made for the damages to the bicycle through the New Amsterdam Casualty Company for the sum of twenty-eight dollars and fifty cents; that since such time the injury to the knee has proven serious and he desires to commence an action against the unknown man.

On June 4, 1934, an order was granted by Mr. Justice HARRIS pursuant to section 295 of the Civil Practice Act for the examination of one of the officers or agents of the casualty company before the justice holding Special Term, Part II, in New York county to ascertain the name of its assured who was involved in the accident.

This motion is made to set aside the order for the examination upon the ground that the order was improperly granted; also, that the Supreme Court of Erie county is without jurisdiction.

Counsel for the casualty company contends that the underlying object of the petitioner in having the proceeding instituted in Erie county is to secure the benefit of the ruling of the Fourth Department in the case of *Lauffer* v. *Eastern Star Temple* (210 App. Div. 619), which permits an examination of this character to be had; whereas, the First Department, as expressed in *Matter of Hufstutler* (220 App. Div. 587), has refused to grant similar orders.

Conceding that this claim is true, it is not a ground for vacating the order. There is some basis for a surmise that the proposed defendant is a resident of the city of New York. The affidavit upon which the order was granted states that the unknown person stated at the time that he was an architect in the city of New York. He did not state that he lived in the city of New York, nor does it appear in which of the counties within the boundaries of that city he was a resident. It is possible that he does not even live in the city of New York.

Under rule 63 of the Rules of Civil Practice it is probable that if it was known that he lived in the First Department, the motion for the order should have been made in that department because the action would be triable there in view of the fact that the plaintiff would be a non-resident. If neither of the parties were residents, then the plaintiff could select any county if the court would take jurisdiction. Until the residence of the unknown person can be ascertained, it cannot be determined in which county, if any, the action would be triable.

The motion to vacate the order for examination is denied, without costs.