be made with safety to the plaintiff. All concur. (The order grants a motion for physical and oral examination before trial in an action to recover for personal injuries in having contracted a respiratory disease or poison.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

In the Matter of the Application of HERBERT T. SILVERBERG, as Guardian ad Litem of GEORGE McCARTHY, an Infant over the Age of Fourteen Years, for an Order Pursuant to Section 295 of the Civil Practice Act, to Examine the NEW AMSTERDAM CASUALTY COMPANY in an Action about to Be Commenced by Him.— Order affirmed, with ten dollars costs and disbursements. All concur, except Sears, P. J., who dissents and votes for reversal and denial of the motion with leave to renew in New York county on the ground that granting of this motion which has to do solely with the interests of a non-resident and a certain corporation having its principal office in New York county and an unidentified person said to have been a dentist and to have had an office in New York city, is an abuse of discretion inasmuch as the motion was made here for the patent purpose of avoiding the effect of a precedent (*Matter of Hufstutler*, 220 App. Div. 587) in the Appellate Division of the First Department. (The order denies a motion to vacate an order for examination before trial in an automobile negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

WALKER'S LAUNDRY, INCORPORATED, Appellant, v. JOHN W. BALDERSON, Respondent. JOHN W. BALDERSON, Respondent, v. WALKER'S LAUNDRY, INCORPORATED, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion to consolidate granted, with ten dollars costs; venue fixed in Niagara county, Walker's Laundry, Incorporated, to be plaintiff, and John W. Balderson, defendant, without prejudice to move for change of place of trial. (See *Brink's Express Co., Inc.*, v. *Burns*, 230 App. Div. 559.) All concur, except Thompson and Lewis, JJ., who dissent and vote for affirmance on the ground that there was no abuse of discretion. (*Dexter Sulphite Pulp & Paper Co.* v. *Hearst*, 206 App. Div. 101; *McAllister* v. *Drislane*, 239 id. 85.) (The order denied a motion to consolidate two automobile negligence actions.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

DONALD HONADLE, an Infant, Appellant, v. VIRGIL STAFFORD, Respondent.— Motion to amend order of affirmance entered May 23, 1934, denied. This court is concluded by the remittitur of the Court of Appeals. If there is to be any variance from the present order, the remittitur must be amended but that can only be done by the Court of Appeals. Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK DOMINICK MEZZATESTA, Appellant.— Motion for reargument denied. Order entered March 11, 1935. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

AHLHEIM & COMPANY, INCORPORATED, Appellant, v. SYRACUSE COLD STORAGE COMPANY, INCORPORATED, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied. Order entered March 11, 1935. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

JULIA POTOCKI, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied. Order entered March 11, 1935. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.