In the Matter of the Application of UNIVERSAL FILM EXCHANGES, INC., Petitioner, for an Order to Examine PETER BONDI, Respondent, in an Arbitration Proceeding About to Be Commenced by the Applicant.

Supreme Court, Erie County, August 12, 1936.

*Drew & Drew*, for the motion.

*Herbert T. Silverberg*, opposed.

MACGREGOR, J. The respondent moves to vacate an *ex parte* order granted by Mr. Justice LARKIN on July 21, 1936, directing the examination of one Peter Bondi. The respondent objects to the order for the examination, which examination was for the purpose of determining a proper party to an arbitration proceeding, upon the ground that such an examination is not permitted in an arbitration proceeding under sections 295 and 308 of the Civil Practice Act.

It appears that in 1923, after the decision in the case of *Matter of Interocean Mercantile Corp.* (204 App. Div. 284), an amendment to the Arbitration Law was made. Section 6-a was added, which provided that an " arbitration of a controversy under a contract or submission described in section two shall be deemed a special proceeding," etc. In the case of *Matter of Interocean Mercantile Corp.* (207 App. Div. 164) it is held that " an open commission to take the testimony of non-resident witnesses may be granted in arbitration proceedings under section 308 of the Civil Practice Act, since section 6-a of the Arbitration Law, as added by chapter 341 of the Laws of 1923, provides that arbitration shall be deemed a special proceeding."

In the case of *Lauffer* v. *Eastern Star Temple* (210 App. Div. 619) it is held that " A plaintiff in a prospective action who is

unable to identify the person or persons liable is, on a proper show-ing, entitled to an order  \*  \*  \*  for the examination of witnesses who are shown to have some knowledge or information as to the identification of those who are liable to the prospective plaintiff."

To the same effect is *Matter of Silverberg* (153 Misc. 126; affd., 243 App. Div. 854).

The respondent also claims that this application is barred because of the fact that there has been a previous arbitration, but it is shown that objection was made by the person proposed to be examined to the validity of the arbitration, and the award was never con-firmed.   It is, therefore, a nullity and is not a bar to this proceeding.

The motion to set aside the order is denied.