In the Matter of the Application of WALLACE ROBERTS, Petitioner, for an Order Pursuant to Section 295 of the Civil Practice Act and Rule 123 of the Rules of Civil Practice to Take the Testimony of JOHN C. HENRY by Deposition Which Is Material to Petitioner in an Action Which He Intends to Bring in This Court and Is Necessary for the Protection of Petitioner's Rights.

Supreme Court, Oswego County, March 2, 1938.

*Don Carlos Buell,* for the petitioner.

ZOLLER, J. Petitioner seeks an *ex parte* order directing the stenographer of the Oswego county grand jury for the May, 1937, term to appear and be examined " under oath and his testimony taken by deposition as to the identity of. the attorney, if any, who presented to the said grand jury the charge which resulted in the indictment reported to and filed in the Supreme Court on or about May 13, 1937, which charged petitioner with the felony and crime of abandonment of a child under the Age of Sixteen years in Destitute Circumstances by a Parent as well as the identity of each and every witness against him before said Grand Jury upon said charge and also what testimony or statement relating to petitioner such attorney or any witness gave." He also asks that

the order direct said stenographer to " bring with him and produce upon and in relation to his testimony his stenographic notes of said Grand Jury proceeding."

The petition sets forth, among other things, that there was an indictment against him presented by the grand jury of Oswego county in May, 1937, wherein and whereby he was charged with having feloniously, willfully and unlawfully abandoned in destitute circumstances one John Henry Kerr of the age of ten years, " the said Wallace Roberts being then and there the father, parent and person charged with the care and custody " of said child. It also appears from the petition that upon motion of the district attorney of Oswego county said indictment was dismissed on or about July 16, 1937. It is petitioner's contention that he was improperly and unlawfully indicted and, therefore, he now desires and intends to bring an action for malicious prosecution against the district attorney and the assistant district attorney of Oswego county and " any other person found to be responsible for the procurement of said indictment." It appears further from his petition that, following the indictment brought against him, he was arrested and later arraigned before the county judge of Oswego county and held for trial.

Counsel for petitioner argues that this application is brought pursuant to section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice. In support of his argument counsel has submitted as authority for the granting of the order *Lauffer* v. *Eastern Star Temple* (210 App. Div. 619) and *Matter of National City Bank* (205 id. 513). In the latter case there was an application made for the perpetuation of the testimony of a witness to be called by the bank in a prospective action against a certain party, and the court simply held under said section 295 and said rule 123 that a prospective defendant was not entitled to notice of the application. The petitioner here does not seek to perpetuate the testimony of any person to be called as a witness in a prospective action, but his purpose in making this application is to identify the prospective defendants to a suit which he is about to bring.

*Lauffer* v. *Eastern Star Temple* (*supra*) is without doubt authority for the granting to a plaintiff, who is not able to identify the person whom he wishes to make a defendant in an action which he intends to bring, of an order under section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, for the examination of any person or persons shown to have some knowledge or information as to the identification of any one who is liable to the prospective plaintiff. That case further holds that it is unnecessary for a prospective plaintiff in such application to give notice of the appli-

cation as required by section 292 of the Civil Practice Act, since said section 292 relates only to cases where the parties have appeared or answered, and that the court may, under section 296 of the Civil Practice Act, direct the persons to be examined to produce books and papers material to the examination. The decision in *Lauffer* v. *Eastern Star Temple* (*supra*) was a unanimous decision of the Appellate Division, Fourth Department, and has not been disturbed or modified. It was decided in November, 1924, and has been cited as authority, at least in the Fourth Department, in several recent cases. (*Matter of Silverberg*, 153 Misc. 126; affd., 243 App. Div. 854 [Fourth Dept. 1934]; *Matter of Universal Film Exchanges, Inc.* [*Bond*], 160 Misc. 416 [1936]; *Matter of Menhinick*, 241 App. Div. 655 [Fourth Dept. 1934].) Mr. Justice SEARS was a member of the Appellate Division, Fourth Department, at the time of the decision in *Lauffer* v. *Eastern Star Temple* (*supra*) in November, 1924. In March, 1935, as presiding justice, he dissented from the decision in the appeal in *Matter of Silverberg* (243 App. Div. 854). His dissent, however, was not inconsistent with or contrary to the decision in which he joined in *Lauffer* v. *Eastern Star Temple* (*supra*), but was based upon a particular ground, clearly stated in his dissent.

The Appellate Division in the First Department has held that an examination before an action is brought, under section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, will not be allowed in the First Department except for the purpose of perpetuating testimony. (*Matter of Hufstutler*, 220 App. Div. 587 [1927].) There the unanimous court refused to permit the petitioner to ascertain who might possibly be necessary parties defendant and reversed an *ex parte* order granted the respondent which directed the examination of the appellant and the production of certain stock ledgers and other corporate books. The court, in its decision in that case, says (p. 589): "The application is apparently based mainly upon the grounds that it is necessary for the purpose of the action to identify the prospective defendants to a suit to be brought. The sole authority for the examination is a decision made in the Appellate Division in the Fourth Department in *Lauffer* v. *Eastern Star Temple* (210 App. Div. 619). This department has not permitted heretofore any examination of this kind except for the perpetuation of a person's testimony."

The petitioner herein, in effect, is seeking an inspection of the minutes of the grand jury of Oswego county which in May, 1937, returned an indictment charging him with the commission of a crime. I am not inclined to believe that under such circumstances he is entitled to the order which he seeks. However, if the facts

here were similar to those in *Lauffer* v. *Eastern Star Temple (supra)*, I would be compelled, it seems to me, to grant an order on the authority of that case.

Section 952-t of the Code of Criminal Procedure, in my opinion, is controlling under all the facts and circumstances here presented. That section in part provides that a duly appointed and qualified stenographer shall attend and be present at the session of every grand jury impaneled in the county in which he is appointed, and that it shall be his duty to take in shorthand testimony introduced before such grand juries and to furnish a copy thereof to the district attorney, " but he shall not permit any other person to take a copy of the same nor any portion thereof, nor to read the same, or any portion thereof, except upon the written order of the court duly made after hearing the said district attorney."

I am not unmindful of the fact that in this particular case the indictment against the petitioner has been dismissed. If a petitioner against whom an indictment has been found, whether or not such an indictment is still in force or has been dismissed, could obtain *ex parte* an order of this court pursuant to said section 295 and said rule 123, the provisions of said section 952-t of the Code of Criminal Procedure just above quoted would, it seems to me, be nullified and of no force and effect. I am satisfied that no court in an application of this kind would countenance any such course or consequence.

Accordingly, petitioner's application is denied.