TORRENCE SCARBOROUGH, Appellant, v. SEWARD A. BARTHOLOMEW and CATHERINE BARTHOLOMEW, Respondents.— The issue here involved is the same as in *Purdy* v. *McGarity*, decided herewith (262 App. Div. 623). Order unanimously affirmed, with ten dollars costs and disbursements upon the authority of *Purdy* v. *McGarity* (*supra*). Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, -v. GEORGE P. BRUNO, HERMAN F. LOVAGLIA and LEONARD M. JANOSKE, Appellants.— Appeal by defendants from judgments of conviction of the crime of robbery in the first degree after a trial in the County Court of Chenango County. Judgments of conviction reversed upon the law and the facts and a new trial directed in the interests of justice, upon the ground that the district attorney exceeded the bounds of fair comment in his summation to the jury; and also upon the ground that the trial judge erroneously charged the jury that they might consider the alleged admissions of the defendant Bruno, made after the event, as to the presence and identification of the defendant Janoske as a participant in the crime. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.

In the Matter of the Application of WALTER E. STROPE, Respondent, for the Examination of ALBANY STEEL AND IRON SUPPLY COMPANY, INC., Appellant, to Be Used in an Action About to Be Brought by Said WALTER E. STROPE in the Supreme Court in and for the County of Albany.— Appeal from an order which directs appellant to furnish the names and places of residence of its directors from the year 1933 to and including the present year; or in default thereof that one of its officers submit to an examination under oath as to these matters pursuant to section 295 of the Civil Practice Act. The application appears to be directed solely to the identification of prospective defendants in an action which respondent desires to institute. An examination for that purpose is proper under section 295 of the Civil Practice Act. (*Lauffer* v. *Eastern Star Temple*, 210 App. Div. 619.) The affidavits submitted in support of the application are sufficient to sustain the relief granted. Order appealed from unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

OLLIE D. PITTS, Appellant, v. PLATTSBURGH BOTTLING COMPANY, INC., Respondent.— Appeal from a judgment of the Supreme Court entered in the Clinton county clerk's office on April 12, 1941, on the verdict of a jury in favor of the defendant, dismissing the complaint, with costs, and from an order denying motion to set aside the verdict and for a new trial. The action was to recover damages for personal injuries arising out of the explosion of a Coca-Cola bottle and was based upon breaches of warranties under subdivisions 1 and 2 of section 96 of the Personal Property Law. No exceptions were taken to the charge. The jury returned a verdict of no cause of action. There was a question of fact as to whether the explosion was caused by a defect in the bottle or by the force of a blow from without. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.