In the Matter of Rose Cohen, Petitioner.
Charles R. Stewart et al., Respondents.

Supreme Court, Special Term, Broome County, September 25, 1942.

*Chernin & Gold (Bernard H. Chernin* of counsel), for petitioner.

*Charles R. Stewart* and *Herbert H. Ray* for respondents.

Deyo, J. The petitioner, Rose Cohen, seeks an order for the examination of the respondents for the purpose of determining which of them should be joined as defendants in an action which she contemplates bringing, and to obtain information to enable her to draw a complaint. She also seeks the production of certain books and records. No action has, as yet, been commenced.

According to the moving papers, Mrs. Cohen and her husband, Louis Cohen, and son, Charles Cohen, were the owners of certain automotive equipment, etc., used in connection with the hay and coal business which the husband and son conducted prior to January 17, 1941. On or about that date the Cohens employed Stewart, who is a practicing attorney, to organize a corporation to carry on the same business. The three Cohens executed a certificate of incorporation wherein they were named as directors until the first meeting and whereby they subscribed to the stock to be issued by the corporation, as follows: Rose, 51 shares; Louis, 1 share and Charles, 48 shares.

On January 30, 1941, Charles Cohen, allegedly under Stewart's direction and without consideration, transferred the property of the unincorporated business which apparently stood in his name, to Helen Fischer. On the same date, Louis Cohen and Charles Cohen executed assignments of their stock subscrip-

tions to Helen Fischer and Stewart, respectively. Apparently, the corporation thereupon commenced business, for it purchased and licensed motor vehicles in the corporate name, with Louis Cohen acting as treasurer and Charles Cohen as vice president. The corporate books indicate that the first corporate meeting was not held until February 26, 1942, pursuant to a waiver of notice signed by Stewart, Helen Fischer, and McKee who, it seems, was Stewart's assignee of subscription rights of twenty-five shares of stock. These three proceeded to adopt by-laws and elected McKee, O'Connor and Stewart as directors. A directors' meeting was thereafter held whereat McKee was elected president at a salary of fifty dollars a week, O'Connor vice president, and Stewart secretary-treasurer at a salary of thirty dollars a week. On the same date Helen Fischer executed a bill of sale to the corporation of the property which had been transferred to her by Cohen more than a year previous. Louis and Charles Cohen continued to work for the corporation until May, 1942, when their services were terminated.

The petitioner alleges that she never received the stock for which she subscribed; that she never received any notice of any corporate meeting; that she never resigned as a director nor assigned her subscription rights. She also maintains that Stewart refuses to allow her to participate in the affairs of the corporation or to give her any information relative thereto. The answering affidavits fail to satisfactorily explain how the petitioner was eliminated from the picture. In view of this situation, the petitioner asks that she be permitted to examine these four individuals in order that she may identify those whom she claims deprived her of her property rights in this corporation, with a view to bringing an action against whoever is responsible. She also seeks the examination for the purpose of obtaining sufficient facts to enable her to prepare a complaint. This examination is sought pursuant to the provisions of section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice. Under the provisions of the Code of Civil Procedure, which fore-ran the present provisions of the Civil Practice Act, an examination of a proposed party before an action was actually commenced could only be had for the purpose of perpetuating testimony. (*Matter of Packer*, 188 App. Div. 926; *Matter of Moto Bloc Import Co.*, 140 id. 532; *Matter of Dain's Sons Co.*, 146 id. 918; affd., 204 N. Y. 623; *Matter of Schlotterer*, 105 App. Div. 115.) Even in such cases the relief was rarely and sparingly granted. (*Merchants' National Bank* v. *Sheehan*, 101 N. Y. 176.) Since the enactment of section 295 and the pro-

mulgation of rule 123, the decisions of the Appellate Divisions of the various departments have not been in accord on this question. The Appellate Division of the First Department has held that these provisions of the Practice Act and Rules have worked no change in the purpose for which an examination could be had before action commenced, and consequently has limited the scope of such an examination to cases where the perpetuation of evidence is necessary. (*Matter of Hufstutler,* 220 App. Div. 587.) This decision was followed in *Matter of Bard-Parker Co., Inc.* (220 App. Div. 819). In the Second Department the Appellate Division has apparently not passed upon the question directly. However, there are two decisions which seem to point to contradictory results. In *Matter of Dreyfuss* (244 App. Div. 822) the court reversed an order which granted such an examination for the purpose of obtaining information to frame a complaint on the ground that no necessity therefor had been shown. In *Matter of Robinson* (250 App. Div. 767) the same court held that a similar petition failed to comply with section 295 and rule 123, in that it did not indicate any necessity that the testimony sought be perpetuated. Surrogate WINGATE, in *Matter of Pequeno* (177 Misc. 223) has specifically followed the rule in the First Department. In the Fourth Department the Appellate Division has held that an order similar to the one herein sought should be granted "for the sole purpose of identifying the defendant." (*Lauffer* v. *Eastern Star Temple,* 210 App. Div. 619.) This decision was reached on the theory that the words "taking or preservation," appearing in section 295 of the Civil Practice Act, but not appearing in the superseded sections of the Code, clearly indicated that something besides perpetuation of testimony was contemplated. This rule has not been disturbed or modified and has been consistently followed in the Fourth Department. (*Matter of Silverberg,* 153 Misc. 126; affd., 243 App. Div. 854; *Matter of Universal Film Exchanges,* 160 Misc. 416; *Matter of Menhinick,* 241 App. Div. 655; *Matter of Roberts,* 169 Misc. 669.) The last pronouncement upon the subject comes from the Appellate Division of the Third Department. In November of 1941 that court in a unanimous decision specifically elected to follow the rule laid down in the *Lauffer* case (*supra*) in the Fourth Department, and permitted an examination to ascertain the identity of the directors of a certain corporation against whom the petitioner intended to bring an action for mismanagement. (*Matter of Strope,* 263 App. Div. 765.) Granted that the situation presented in that case is not identical with that with which we are herein con-

fronted, nevertheless, it is highly indicative that the Appellate Division of this Department does not intend to limit examinations such as this to cases where perpetuation of testimony is shown to be necessary. Incidentally, that seems to have been the rule in the Third Department even prior to the adoption of the Civil Practice Act. (*Matter of Nolan*, 70 Hun 536.)

I am in accord with this construction of section 295 of the Civil Practice Act insofar as the purpose of such examination is to identify prospective defendants, and the order herein sought will be granted to that extent. On such examination the production of the corporate books and papers is authorized by section 296 of the Civil Practice Act. (*Lauffer* v. *Eastern Star Temple, supra.*)

The petitioner also maintains that she is entitled to this examination to obtain information to enable her to draw a complaint. I find no authority for an examination for that purpose at this stage of the proceedings. The cases cited by the petitioner are not in point, since they all deal with situations where the defendants were already identified and the actions already commenced. An examination for that purpose before action brought has been denied on at least two occasions. (*Matter of Dreyfuss, supra,* [2d Dept.]); *Matter of Titanium Alloy Mfg. Co.,* 198 N. Y. Supp. 503 [Sup. Ct. Erie County].) It of course must be conceded that the right of a pretrial inquisition is purely statutory. (*Heishon* v. *Knickerbocker Life Ins. Co.,* 77 N. Y. 278; *Woods* v. *Barton,* 226 App. Div. 38.) The right to examine before the action is commenced is accorded to a prospective party only where ''necessary for the protection of his rights.'' (Civ. Prac. Act, § 295.) Such necessity is apparent when the examination is sought for the purpose of identifying the prospective defendants, for without it no summons can even be prepared. The same necessity is not apparent, however, for the purpose of obtaining information to enable a prospective plaintiff to draw a complaint. The action may be commenced without such information. Once a person has demonstrated his good faith and sincerity by actually naming the defendant and effecting service of a summons upon him, then the court may, in a proper case, permit an examination either of the defendant or some third person. (Civ. Prac. Act, § 288; Rules of Civ. Prac. rule 122.) To permit an examination for such purpose before the action is even commenced, not only appears unnecessary, but might conceivably subject totally innocent persons to great inconvenience, if not persecution. The orderly administration of justice does not countenance such a procedure.

Furthermore, it appears from the affidavit submitted that after the petitioner has identified the defendants she will have ample information upon which to predicate a complaint based on information and belief. (*Matter of Dreyfuss, supra.*)

An order will be granted directing Charles R. Stewart, Reginald H. McKee, Helen W. Fischer and Edmund J. O'Connor to appear before Charles F. Fish, an attorney and counselor at law, who will be designated as referee for that purpose, at a time and place to be fixed in the order, and submit to oral examination as to the matters set forth in the order to show cause, and to produce upon such examination for the inspection of the petitioner, the books of account, stock certificate books, stock transfer books, certificate of incorporation, by-laws, minute books and all other records of the Eastern Hay & Coal Co. Inc., pertaining to the formation and ownership of said corporation.