## In the Matter of John Clesi, Applicant.

Supreme Court, Special Term, Kings County, August 31, 1943.

*Louis L. Resnick* for Manhattan Mutual Auto Casualty Company.

*Louis Dubow* for applicant.

Kadien, J. John Clesi heretofore obtained from this court an *ex parte* order, pursuant to section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, directing the Manhattan Mutual Auto Casualty Company, by Louis L. Resnick, its secretary, to submit to an examination to disclose the names of the operators, owners and license numbers of taxicabs claimed to be involved in an accident and to produce the motor vehicle report and other records, in an action about to be commenced by him for personal injuries sustained while a passenger in one of the said cabs. The insurance company now moves to set aside the order upon the ground that the examination is immaterial and unnecessary, unwarranted by law, and the affidavits therein are insufficient.

In the first judicial department of the Appellate Division, an examination cannot be had to determine who shall be made a party defendant. (*Matter of Hufstutler*, 220 App. Div. 587.) The opposite rule prevails in the third and fourth judicial departments. (*Lauffer* v. *Eastern Star Temple*, 210 App. Div. 619; *Matter of Strope* v. *Albany Steel and Iron Supply Co.*, 263 App. Div. 765.)

In this department the right to such relief has been rarely and sparingly granted. The applicant herein bases his right

to such examination on *Matter of Richey* v. *Coleman* (218 App. Div. 732 [2nd Dept., 1926]). The case on appeal therein discloses that the purchaser of a dwelling sought to examine a building inspector, claiming that the said inspector had conspired with others to permit and approve the erection of said dwelling with materials not approved by the building laws of the City of New York. In that action the moving papers set forth a cause of action directly against the building inspector sought to be examined, whereas the instant application seeks to examine the alleged insurance carrier in order to disclose the parties defendant.

Surrogate WINGATE, in *Matter of Pequeno* (177 Misc. 223 [1941]), reviewed the law and authorities upon the right to such relief, stating, " both as a matter of statutory construction, and in the public interest for the avoidance of an extension of the ' great abuses ' envisaged by the Court of Appeals in the *Merchants' National Bank* case (*supra* [101 N. Y. 176, 179]), the conclusion of the Appellate Division for the First Department is preferable for adoption ". Accordingly, I am constrained to grant the application herein for an order vacating the order for examination before trial.