In the Matter of MAXWELL BERMAN, Petitioner, against ROBESON CUTLERY Co., INC., et al., Respondents.

Supreme Court, Special Term, Westchester County, August 15, 1946.

*Maxwell Berman,* petitioner in person.

*MacFarlane, Harris & Goldman* for Robeson Cutlery Co., Inc., respondent.

BAILEY, J. In this application petitioner seeks an examination pursuant to the provisions of section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice. Petitioner is

an inventor and alleges that the proposed defendant has misappropriated and converted to its own use a knife sharpening device invented by petitioner and for which he has made application for a patent.

It does not appear that a cause of action actually exists in favor of petitioner but the examination will enable petitioner to determine whether he has a cause of action against respondent. The provisions of section 295 of the Civil Practice Act permitting such an examination appear to be for the purpose of perpetuating the testimony when it is necessary for the protection of the rights of a petitioner but not solely for the purpose of permitting him to ascertain whether he possesses a valid cause of action. (*Matter of Hufstutler,* 220 App. Div. 587; *Matter of Pequeno,* 177 Misc. 223.)

The court is persuaded of the good faith of petitioner and that he believes that he has a cause of action. However until an action has been commenced or until it is clear that the perpetuation of such testimony is necessary the relief is rarely and sparingly granted and is not authorized to enable petitioner to frame a complaint. (*Matter of Cohen* [*Stewart*], 179 Misc. 6, affd. 265 App. Div. 1029.) It can rarely happen that justice will be promoted by granting such examinations upon the application of a proposed plaintiff and may lead to great abuse. (*Merchants' National Bank* v. *Sheehan,* 101 N. Y. 176.) Motion denied. Submit order.