In the Matter of the Accounting of NEW ROCHELLE TRUST COMPANY, as Trustee under the Will of GERTRUDE A. ALDERDICE, Deceased.

Surrogate's Court, Westchester County, August 10, 1950.

*J. Addison Young, 2d,* for trustee, petitioner.

*Joseph F. Higgins* for Claire O. M. Kennedy, respondent.

*Edwin A. Berkery* for Emigrant Industrial Savings Bank.

*Maurice S. Degenstein,* special guardian.

GRIFFITHS, S. In this proceeding for the judicial settlement of the final accounts of petitioner as trustee of one of the trusts

created by the will of the decedent, the beneficiary seeks to examine a banking corporation as a witness. No objections to the account have been filed to date.

Counsel states that the examination is sought to enable the beneficiary to " frame objections " to the trustee's account and that the motion is brought under article 29 of the Civil Practice Act, " particularly Section 288 thereof and Rule 122 of the Rules of Civil Practice ". The application is opposed on the grounds that a witness may not be examined for the purpose of framing pleadings and further, that a corporation may not be so examined as a witness.

The application will be considered as one made pursuant to the provisions of section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, and not under section 288. Although proceedings in the Surrogate's Courts are analogous to actions in other courts of record and the provisions of the Civil Practice Act are made applicable thereto (Surrogate's Ct. Act, § 316), it cannot be said that there is an " action " pending unless and until either an answer or objections, as the case may be, are interposed. While the filing of a petition and the service of the process of the court are essential for jurisdictional purposes, in the absence of an answer or objections no triable issue is thereby presented for determination. The provisions of section 288 of the Civil Practice Act permitting any party to examine either a party or a witness upon a demonstration of proper circumstances as therein provided, clearly contemplate the existence of a triable issue or issues at the time the application is made. (See *Matter of Kimmerle,* 130 Misc. 767.)

It has been held that the intent of the Legislature in enacting section 295 of the Civil Practice Act was " to limit examinations before suit started to perpetuating the testimony of a witness whose testimony could not otherwise be obtained." (*Matter of Hufstutler,* 220 App. Div. 587, 590.) To the same effect see *Matter of Pequeno* (177 Misc. 223); *Matter of Ausnit* (*Malaxa*), (191 Misc. 390, affd. on point, 273 App. Div. 958), and *Matter of Berman* v. *Robeson Cutlery Co.* (187 Misc. 524). The remedy therein afforded is not to be used solely for the purpose of permitting a potential litigant to ascertain whether he has a good cause of action. (*Matter of Pequeno, supra; Matter of Berman* v. *Robeson Cutlery Co., supra; Matter of Cohen [Stewart],* 179 Misc. 6, affd. 265 App. Div. 1029.) To permit examinations of third persons before suit started for

the sole purpose of framing pleadings may lead to great abuses. (*Merchants' Nat. Bank* v. *Sheehan,* 101 N. Y. 176; *Matter of Berman* v. *Robeson Cutlery Co., supra.*)

The motion is denied. In the event that the respondent beneficiary files objections to the account, the denial of the instant motion is without prejudice to any application she may thereafter make for the examination of appropriate officers and employees of the banking corporation in question. (See *Matter of O'Flyn,* 262 App. Div. 760, 761.)

Settle order on notice.