## (March 21, 1960)

■ ARTHUR J. GIAMBERDINO, Respondent, v. MINNIE MILEO et al., Appellants. ROSE M. GIAMBERDINO, Respondent, v. MINNIE MILEO et al., Appellants. — Order modified by deleting therefrom the provisions that require the defendants to submit to an examination concerning the names of individuals, corporations, companies and the like, and addresses thereof, who have repaired the brakes during 1957 and 1958, and as modified affirmed, without costs of this appeal to any party. Memorandum: We see no real necessity for an examination of the defendants as to the names and addresses of those who repaired the brakes of the defendants' car during the years 1957 and 1958. The argument advanced by plaintiffs that the examination is sought to ascertain whether defendants knew or should have known if the persons who repaired the brakes had the capacity to repair brakes is tenuous at best. All concur, except Halpern, J., who dissents and votes for affirmance in the following memorandum:

In my opinion, the discretion of the Special Term was properly exercised in requiring the defendants to submit to examination concerning the names and addresses of the persons who repaired the brakes of the defendants' automobile during the years 1957 and 1958. The actions arose out of a rear end collision, the defendants' automobile having run into the rear ·end of plaintiffs' automobile while it was standing still. The defendants have consented to an examination before trial with respect to all the circumstances of the accident and with respect to the condition of the automobile brakes and they have also agreed to produce for inspection all repair bills and invoices pertaining to the repair of the brakes but they object to disclosing the names of the persons who repaired the brakes. The defendants indicate in their brief that it is their intention to black out or otherwise delete the names and addresses of the persons who rendered the invoices before producing them. Such an unreasonable limitation upon disclosure ought not to be sanctioned by the court. In my opinion, the plaintiffs are entitled to the information sought by them. If the making of the repairs was entrusted by the defendants to a person who they knew or should have known lacked the competence to do the work, the defendants would be liable for his negligence in repairing the brakes, even though he was an independent contractor (Restatement, Torts § 411; *Fox* v. *Ireland,* 46 App. Div. 541; *Hawke* v. *Brown,* 28 App. Div. 37; *Janice* v. *State of New York,* 201 Misc. 915, 921; *Kuhn* v. *Carlin Constr. Co.,* 154 Misc. 892, 896). In order adequately to prepare for trial, the plaintiffs should have an opportunity in advance of the trial to investigate the competence of the persons to whom the brake repair work was entrusted. The defendants will, of course, be required to give the names and addresses of the repairers upon the trial but it may be too late at that time for the plaintiffs to make an adequate investigation of their competence. There would thus be presented the very situation which an examination before trial is designed to avoid.

This appeal does not involve the general question of whether the names of witnesses should be disclosed. The names of the persons who made the repairs are sought, not because the defendants are likely to call them as witnesses (cf. *Pistana* v. *Pangburn,* 2 A D 2d 643) but because the question of whether they lacked the competence to do the work and whether the defendants knew or should have known of their lack of competence is one of the material issues in the case.

It is well settled that the plaintiff "is entitled to be informed as to the identity of the witness employed by his adversary if the witness participated in, or was responsible for, the accident complained of. (*Morris* v. *E. A. Laboratories, Inc.,* 263 App. Div. 540; *Gutley* v. *Huron Stevedoring Corp.,* 274 App. Div. 1061.) " (*Milberg* v. *Lehrich,* 2 A D 2d 861.) It is not known to the plaintiffs or to the court whether the person who repaired the brakes was an employee of the defendants or an independent contractor. The same rule of disclosure should apply whether he was one or the other.

There is an additional reason for requiring disclosure of the identity of the repairers. The plaintiffs are entitled to maintain an action against the repairers for their negligence under the principle of *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382) (see, also, *Kalinowski* v. *Truck Equip. Co.,* 237 App. Div. 472; Restatement, Torts, § 404) and should be given their names and addresses in order to enable the plaintiffs to join them as parties defendant, if they elect to do so (*Lauffer* v. *Eastern Star Temple,* 210 App. Div. 619; *Matter of Silverberg,* 153 Misc. 126, affd. 243 App. Div. 854; *Peterman* v. *Schpelman,* 274 App. Div. 901). (Appeal from order of Monroe Special Term, denying motion by defendants to modify a notice of examination before trial of defendants Mileo and La Capruccia.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.