In the Matter of the Application of A. A. HUFSTUTLER for the Examination of E. G. DAWES and LAURENT J. TONNELE, to Be Used in an Action About to Be Brought, etc.

LAURENT J. TONNELE, Appellant; A. A. HUFSTUTLER, Respondent.

First Department, May 20, 1927.

Depositions — examination of third person before action — under Civil Practice Act, § 295, and Rules of Civil Practice, rule 123, examination of third person before action brought can be had in First Department only for purpose of perpetuating testimony — examination cannot be had to determine who should be made parties defendant.

Under section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, an examination before action brought will not be permitted in the

First Department, except for the purpose of perpetuating testimony and will not be permitted as in this case to enable the petitioner to ascertain who may possibly be the necessary parties defendant.

The *ex parte* order granted the respondent directing the examination of the appellant and the production of corporate books of a corporation must be reversed. It appears that there is no action pending, that the petitioner claims he had an agreement with one of the organizers of the corporation whereby the corporation when organized would issue shares of stock to them and that such shares have not been issued.

Furthermore, the moving papers do not indicate that the petitioner has any cause of action against the corporation.

APPEAL by Laurent J. Tonnele from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of April, 1927, resettling an order made on the 28th day of March, 1927, denying appellant's motion to vacate and set aside an *ex parte* order directing him to appear for examination as a witness and ordering the production of certain records on said examination.

*Alfred C. B. McNevin* of counsel [*Van Doren, Conklin & McNevin,* attorneys], for the appellant.

*F. M. Spann* of counsel [*Spann & Moore,* attorneys], for the respondent.

MCAVOY, J. The order now here denied a motion to set aside an *ex parte* order, directing the examination of one Tonnele and the production of the corporate books, records and minutes of the Hassayampa Placer Gold Mining Company of Arizona. No action is as yet pending. The grounds of the motion to vacate the order were that the application for the examination of the appellant was contradictory and evasive; that it failed to contain facts sufficient to warrant an examination of a witness before suit was started; was not made in good faith; that it appeared from the face of the application and its annexed exhibits that the alleged cause of action, if any, was against one Dawes and not the corporation nor Tonnele. Finally, that the application was not warranted by any statute or rule of practice.

The affidavits of the proponent show the organization of the corporation in July, 1925, its capitalization, and that it has an office at 75 West street, New York city, and that Tonnele, whose examination is sought, is the secretary thereof and in charge of said office.

The applicant claims to be entitled to certain shares of the capital stock of the corporation and to recover the possession thereof. According to the applicant, Hufstutler, in December, 1924, and before the formation of the corporation, he loaned or agreed to loan to Dawes $600 for the purpose of organizing the company to

take over an option, which Dawes is then said to have owned, for the purchase of a property said to contain placer gravel, near Hot Springs Junction, Arizona. The consideration of the loan was that when the company was organized he should receive 200,000 shares. Apparently, the object of the action is to recover these shares from some person or corporate body who will be shown liable by the examination.

The affidavit of the secretary, Tonnele, shows that the applicant is not a stockholder and, as such secretary, Tonnele has on file no assignments of any interest in the stock of the corporation executed by anybody in favor of the said A. A. Hufstutler. Tonnele says that he never heard of any claim of the applicant until a few days before the proceeding began. The stock ledgers and other corporate books of the Hassayampa Placer Gold Mining Company do not disclose that this applicant has ever been a stockholder or has ever had any interest therein.

The applicant asserts that he desires the examination for the purpose of prosecuting this action, in order to determine the necessary parties defendant to the same, as well as to preserve the testimony of witnesses to be used upon the trial of the case. It is then averred that Tonnele and Dawes are necessary witnesses for the prosecution of the expected action because they are in possession of other facts necessary for this affiant and the proposed plaintiffs to know in order to prosecute the suit. It is also deposed that the examination is necessary to determine the parties defendant to the cause and necessary at the trial expected to be had, and that without such testimony plaintiffs cannot proceed.

The application is apparently based mainly upon the grounds that it is necessary for the purpose of the action to identify the prospective defendants to a suit to be brought. The sole authority for the examination is a decision made in the Appellate Division in the Fourth Department in *Lauffer* v. *Eastern Star Temple* (210 App. Div. 619). This Department has not permitted heretofore any examination of this kind, except for the perpetuation of a person's testimony. Testimony which is material to an expected party in the prosecution or defense of an action about to be brought in a court of record may be taken at his instance, by deposition, if the taking or preservation thereof is necessary for the protection of his rights. Under section 295 of the Civil Practice Act and under rule 123 of the Rules of Civil Practice, to obtain the taking of testimony by deposition for use in an action about to be brought in a court of record, the applicant shall present to the court in which the action may be brought an affidavit setting forth the nature of the controversy which is expected to be the subject of

the action and the circumstances which render it necessary for the protection of his rights that the witness' testimony be perpetuated.

There is no reported decision since the enactment of the present Civil Practice Act and the adoption of the Rules of Civil Practice other than this decision in the Fourth Department sustaining an application of this character. There the court held in an opinion by Mr. Justice TAYLOR, that a person claiming to have a legal right and remedy may have an examination before suit for the sole purpose of identifying the defendant. We reach a different conclusion. We find no substantial change from sections 870–872 of the Code of Civil Procedure which were formerly the sections governing the right of a party to perpetuate testimony. In section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice which supersede those enactments the language at present employed is similar to that used in the former Code of Civil Procedure. It seems apparent to us from the failure to change the provisions of the former Code that it was the legislative intent to limit examinations before suit started to perpetuating the testimony of a witness whose testimony could not otherwise be obtained. In this Department under the Code of Civil Procedure, we have uniformly restricted examinations before action is commenced to those which are designed for the perpetuation of testimony for use in such future action. Thus in *Matter of Moto Bloc Import Co., No. 1* (140 App. Div. 532), Mr. Justice LAUGHLIN, writing for this court, ruled that an examination will not be allowed for the purpose of discovering who was liable on a cause of action shown to exist in favor of the applicant, nor, he writes, may a witness be examined for the purpose of enabling an applicant to frame a complaint. The examination either of a witness or of an intended party in advance of the commencement of an action, he says, is only authorized to perpetuate testimony, in which case the circumstances which render it necessary for the protection of the applicant's rights that the testimony should be perpetuated must be shown. In any event, the moving papers do not indicate any cause of action on the part of the applicant against the corporation. His affidavits and letters indicate that Dawes and not the corporation is the person liable.

We think, therefore, that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.