In the Matter of the Application of FRANCIS LEE, Claimant, against STATE OF NEW YORK, Defendant

Court of Claims, August 15, 1944.

*Theodore Berger* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Ward N. Truesdell* of counsel), for defendant.

BARRETT, P. J. Francis Lee, an inmate of the Wassaic State School, a State institution for mental defectives, and committed there by order of Hon. ALFRED FRANKENTHALER, a Justice of the Supreme Court, was injured on August 13, 1941, while operating a machine at the school. He was released on parole on May 9, 1943, and discharged on November 16, 1943.

On March 3, 1944, he filed a notice of intention to file a claim against the State for damages as the result of said injuries and moved for permission to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. Upon the argument of the motion the State would not concede that he was committed as a mental defective, and he was unable to obtain a copy of the order of commitment and withdrew the notice of intention to file a claim and the motion.

He now seeks an order of this court requiring the Department of Mental Hygiene to make accessible to his attorney the records described in sections 20 and 84 of the Mental Hygiene Law. It appears that prior to this motion he had requested such information but that his request had been refused in the absence of an order of a judge of a court of record.

The State opposes this motion, claiming in effect that section 20 of the Mental Hygiene Law and subdivision 2 of section 17 of the Court of Claims Act must be read together and that the records in question can be made accessible only under subdivision 2 of section 17 of the Court of Claims Act, which provides for examination before trial by a claimant and that since there is no claim pending, this court is without jurisdiction.

Section 20 of the Mental Hygiene Law provides in substance that the Department of Mental Hygiene shall keep records of the admission and discharge of inmates of State institutions for the insane, epileptic and mentally defective persons and that such records shall be accessible only to the Commissioner of Mental Hygiene, the medical director, and such other officers and subordinates of the Department as the Commissioner may designate, except by the consent of the Commissioner or upon an order of a judge of a court of record.

The Court of Claims is a court of record. (Judiciary Law, § 2.) It must be assumed that the Legislature when it conferred the power to grant such an order upon a judge of a court of record, had in mind its own definition of such court as contained in section 2 of the Judiciary Law and that it intended to include the judges of all the courts therein mentioned. If it had intended otherwise the act would have so stated. The fact that the Court of Claims Act confers upon the Court of Claims jurisdiction only to hear and decide claims against the State and counterclaims and incidental matters, does not preclude the granting of other powers to the judges of the Court of Claims by other statutes.

The Legislature is vested by the Constitution with the power to create the court. (N. Y. Const., art. VI, § 23.) The Legislature may therefore within constitutional limitations confer upon the members of the court such powers as it deems advisable. The State does not urge any constitutional objection to the granting of this motion. The intent and purpose of the statute is to make these records accessible when necessary, and then only after the Commissioner, or a judge of a court of record, has passed upon the propriety of the requested inspection.

It is apparent from the moving papers that the purpose of this proceeding is to obtain the information necessary for an application for permission to file the claim. For this purpose the applicant needs and should have a copy of the order of commitment and the papers upon which it was granted and the record relating to his discharge.

Section 84 of the Mental Hygiene Law, referred to in the moving papers, is not applicable because it expressly applies only to an institution for the insane, while the applicant was an inmate of a school for mental defectives. It is true that sections 20 and 84 have been amended by chapter 666 of the Laws of 1944. The amendments, in my judgment, are not applicable, but in any event are not effective until October 1, 1944.

The motion is granted and an order may be submitted, to be settled upon notice.