CHARLES J. KENERSON, Appellant, v. CHARLES S. DAVIS et al., Respondents.

Third Department, June 29, 1951.

*Harold E. Simpson* for appellant.

*Allan H. Treman* for Charles S. Davis, respondent.

*Truman K. Powers* for Morse Chain Co., respondent.

BERGAN, J.   After commencing this action plaintiff applied for an order to examine the defendants " to ascertain the facts " for the purpose of preparing a complaint and the application has been denied at Special Term.

For many years plaintiff was employed by the defendant Morse Chain Co.   In 1933 he was elected a director, vice-president, treasurer, and general manager.   The complete control of the company since 1929 was held by Borg-Warner Corporation of Illinois, of which the individual defendant Davis is the president.

On May 22, 1945, plaintiff resigned as general manager and treasurer of the defendant company at an annual meeting of the board of directors.   The minutes of the previous annual meeting of directors show without dispute that his election in 1944 to each of these offices had been for the term of " the ensuing year ".   The tenure of all officers was expressly made terminable by the directors.   Plaintiff, however, was re-elected in the 1945 meeting to the office of vice-president and he continued as a director.

The theory of the cause of action to be pleaded against the defendants, as its shape emerges from the affidavits in support of the motion for an examination, is that defendant Davis, having a personal hostility to plaintiff, brought about a report by a firm of engineers investigating the business of the defendant company which falsely reflected on plaintiff's service to the company; which in turn resulted in the defendant Davis influencing the defendant Morse Company's board of directors to demand plaintiff's resignation and to " deprive deponent [plaintiff] of his livelihood."

It is stated that the " relationship " which had " grown up " between plaintiff and the defendant company was such as to " constitute a contract " of employment during good behavior. This legal conclusion is not the proof of any fact establishing a contract binding on the defendant company that plaintiff's employment would endure during his good behavior. He does not dispute the accuracy of the corporate record which shows all of the offices he held were expressly stated to be of yearly duration and terminable even more briefly at the will of the directors.

No doubt a false statement which brings about the termination of employment even though it is not at all protected by any contract of tenure is actionable. Libel would be the common ground for relief on such facts and perhaps it might be afforded also by an action " on the case " analogous to an action for slander of title, which plaintiff says he seeks to assert alternatively.

A man might use his own libelous statement to influence the action of a board of directors to demand the resignation of an officer and be held answerable in tort, if a jury found against him. A party claiming to be aggrieved would usually have to stand his ground and refuse to resign to protect a contractual right; but the consequences of a studied injury might in some circumstances survive acquiescent conduct, apparently free, but actually forced by a wrongful act, such as libel. We are not presently required to meet any such problems in this case.

The weakness of plaintiff's motion is that he shows no wrongful act by defendant Davis, actionable under either of his alternative theories. It is sworn to as facts that Davis demanded plaintiff's resignation; that Davis stated that it would be for plaintiff's " best interests " to resign as general manager; that Davis refused to allow plaintiff to see the report of the engineers made on the affairs of the company. These facts if true would afford, in themselves, no actionable remedy.

It is stated in plaintiff's affidavit that he knows " nothing " of the contents of the engineers' report, but he " believes " it made " derogatory and untrue " statements about him as a result of the action together (the " conspiracy ") of the engineers and defendant Davis to bring about a demand by the directors for plaintiff's resignation.

This far-reaching inference and this belief are said to be based entirely on the mere refusal to show plaintiff the report and on the statement of an officer of the parent company, not a party here, that it would be " better " for plaintiff not to see

the report. What is shown as against defendant Davis is a mere opinion of suspicion held by plaintiff, nebulous in character, and not based on any actual fact shown in the moving papers.

The central core of the cause of action which plaintiff claims he has is that Davis influenced the engineers to make false, as well as critical, statements. The mere fact that plaintiff did not get a copy of the report and was told it would not be for his best interest to see it certainly could not lead any reasonable mind to a nonsequential belief that it contained false statements about plaintiff, and to the next and even longer and more remote step, that it was Davis who induced the engineers to make such false statements.

No fact is shown to establish a cause of action of any description against the defendant company whose directors are not shown to have been knowing participants in the falsity of the engineers' reports, but rather, when plaintiff's affidavit is fully evaluated, to have been misled by the wrong attributed to Davis. It has been seen that when the undisputed facts of the corporate records are evaluated no actionable breach of contract with the defendant company in respect of the duration of plaintiff's employment is shown and hence it is not at all clear what even the plaintiff himself suspects would be his cause of action against the defendant company.

A plaintiff seeking an examination of a defendant to frame a complaint must show his case has merit. The necessity arises from the policy of the law to protect itself against the invocation of public power for the enlargement of suspicion or for annoyance. The language of rule 122 of the Rules of Civil Practice requires the party making the application to show that the testimony is "material" and "necessary". If facts sufficient to show some palpable cause are not before the court, no judge could say intelligently what is material and what is necessary.

This result, on a literal interpretation of the rule, was reached in *Ashton* v. *Baker Mfg. Corp.* (206 App. Div. 343). The limitations of the remedy are illustrated in *Beikirch* v. *Loebs* (243 App. Div. 859) where the court was of opinion that the procedure may be used to facilitate "the accurate pleading" of a "known cause of action" but not to enable plaintiff to learn "whether facts exist sufficient to create a cause of action." See, also, *Knight* v. *Morgenroth* (93 App. Div. 424).

The cases in which the relief has been granted all show a factually established relationship and a factually established consequence of the relationship which can plainly be seen by

the court to be actionable in some form. A factually established case of negligence, but doubt as to the responsible party, is one example. (*Peterman* v. *Schpelman*, 274 App. Div. 901.) An established fiduciary relationship in respect of the purchase of real estate, with facts tending to show a breach of the relationship, has been held a sufficient ground for examination to determine what form the remedy should take (*Teall* v. *Roeser*, 206 App. Div. 371).

The rule is otherwise when all that is unknown to the plaintiff is the amount of his damage which can be stated in general form at an " amount sufficient " to cover the " estimated " loss. (*Newman* v. *Potter*, 201 App. Div. 335.) This falls into the class of case in which the plaintiff's knowledge of the kind of action he has is deemed a good ground for denial of an examination for the purpose of framing a complaint. *Byrne* v. *Ludowici-Celadon Co.* (263 App. Div. 893) and *Matter of Dreyfuss* (244 App. Div. 822) are examples.

The order should be affirmed, with $10 costs and disbursements.

Foster, P. J., Heffernan, Brewster and Deyo, JJ., concur.

Order affirmed, with $10 costs and disbursements.