CARROL EAST, Respondent, *v.* ENDICOTT FORGING & MFG. CO., INC., Appellant.

Fourth Department, November 19, 1952.

*Phillip T. Young* for respondent.

*Neil P. Cullom* and *Stanford Schewel* for appellant.

*Per Curiam.* This appeal is from an order allowing the plaintiff to examine the defendant for the purpose of enabling plaintiff to prepare his complaint.

The plaintiff and defendant entered into a written contract dated the 18th day of May, 1934, by the terms of which plaintiff became the defendant's representative for the sale of defendant's manufactured products upon a commission basis. The contract provided: " At the termination of this agreement commission will be paid on shipments made within 60 days after date of termination providing order is dated on or before date of termination." The contract was terminated as of the close of business on December 3, 1951.

In order to become entitled to an examination for the purpose of framing a complaint plaintiff must first show that he has a good cause of action (*Ashton* v. *Baker Mfg. Corp.,* 206 App. Div. 343). An examination may not be allowed to enable him

to ascertain whether facts exist sufficient to create a good cause of action (*Beikirch* v. *Loebs,* 243 App. Div. 859), or to ascertain the amount of his damage (*Newman* v. *Potter,* 201 App. Div. 335). Plaintiff sought the examination in order that he might properly and accurately state his cause of action and in order that he might properly determine the form of remedy and relief to which he is entitled.

The affidavit in support of the motion fails to show that plaintiff has a good cause of action at law for the recovery of commissions on shipments made later than sixty days after the termination of the contract (*Lockwood* v. *Embalmers Supply Co.,* 233 App. Div. 189; *O'Brien* v. *Cuno Engineering Corp.,* 276 App. Div. 816). As to commissions on shipments made prior to sixty days after the termination of the contract, plaintiff's affidavit shows only that he is in doubt as to whether his commissions have been paid in full and therefore fails to show that he has any cause of action at law for commissions on such shipments. If plaintiff's application presented facts from which it could be seen that he has a good cause of action either at law or in equity, and is uncertain as to what form his action should take, then he would be entitled to an examination (*Teall* v. *Roeser,* 206 App. Div. 371). But here, it seems quite clear upon the facts presented that plaintiff's cause of action, if any, is in equity, and it does not clearly appear that the examination ordered is necessary in order to enable him to frame a complaint in equity (see *Kenerson* v. *Davis,* 278 App. Div. 482).

The order appealed from should be reversed on the law and facts and the motion denied.

All concur. Present: TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law and facts, with $10 costs and disbursements and motion denied, with $10 costs.