Richard S. Heller, J.
This is a motion for an examination of employees of the Brooklyn State Hospital and examination of the records thereof for the purpose of framing a claim against the State of New York.
A notice of intention to file a claim was served on the Attorney-General for the State of New York simultaneously with the service of the notice of motion herein. The notice of intention sets forth an intent to file a claim for injuries sustained by the incompetent while a resident at the Brooklyn State Hospital and alleges that the incompetent sustained a fracture of the leg sometime in June, 1955 and a fracture of the hip on or about, November 26, 1955. It also states that the committee of the incompetent has been informed that both of the injuries were due to the fault and negligence of the State.
In making the motion, however, the committee states in her affidavit that she has no means of ascertaining the facts concerning the injuries and it appears that the incompetent is incapable of transmitting reliable information concerning the injuries and that the attorney for the committee has been unable to obtain any information from the Brooklyn State Hospital. The attorney states, without any contradiction, that the Attorney-General’s office has advised him that no records of the hospital will be made available to the committee without a court order.
There can be no question that if a claim had been filed, the committee would be entitled to an examination and inspection of the records of the State hospital (Buchalter v. State of New York, 172 Misc. 420). In Lee v. State of New York (183 Misc. 615) an order for examination of records of a State institution pursuant to the Mental Hygiene Law was granted where only a notice of intention to file a claim had been filed.
Here however, the claimant seeks not only an examination of the records of the State institution but an examination of *592 employees of the State institution on the ground that without such an examination, the claimant cannot comply with the requirements of section 11 of the Court of Claims Act in that the claimant is unable to state and has no information upon which to form a belief as to the time when the claim arose, the nature of the claim and the precise items of damage or injury. Claimant therefore seeks relief under the provisions of section 295 of the Civil Practice Act in conjunction with section 17 of the Court of Claims Act for an examination prior to the filing of the claim.
The State of New York opposes the motion on the ground that there is no authority for such an examination under the provisions of the Court of Claims Act or the Civil Practice Act.
The State, however, has waived immunity from liability and consented to have its liability determined in accordance with the same rules of law as apply to actions in the Supreme Court against individuals or corporations, provided a claimant complies with the limitations of article II of the Court of Claims Act. Article II of the Court of Claims Act in subdivision 9 of section 9 makes applicable to the Court of Claims the practice provisions governing actions in the Supreme Court except as otherwise provided in the Court of Claims Act or by rules of the Court of Claims.
There has been some question as to the extent of the applicability of provisions of the Civil Practice Act to proceedings in the Court of Claims. Thus in Dunbar & Sullivan Dredging Co. v. State of New York (174 Misc. 743) it was held that the discovery provisions contained in section 324 of the Civil Practice Act are not embraced within the provisions of subdivision 2 of section 17 of the Court of Claims Act, and this position was-followed in Maloney v. State of New York (282 App. Div. 850), which reversed an order granting relief under section 324 in the Court of Claims. (Maloney v. State of New York 204 Misc. 263.) In the Dunbar & Sullivan Dredging Co. case (supra) however, it was specifically held that subdivision 2 of section 17 of the Court of Claims Act refers to the relevant sections of article 29 of the Civil Practice Act and therefore the relief provided in section 296 of the Civil Practice Act is available in the Court of Claims.
Section 295 is likewise contained in article 29 of the Civil Practice Act. We conclude therefore, that since there is nothing providing otherwise in the Court of Claims Act or the rules of the Court of Claims, the relief afforded by section 295 of the Civil Practice Act is available in the Court of Claims.
*593 There then remains the question as to whether or not the relief provided by section 295 of the Civil Practice Act is appropriate to the facts here. It is the conclusion of this court that the relief afforded by section 295 is particularly applicable in this case. Here we have an incompetent reportedly unable to report the facts and circumstances of what occurred while residing in a State institution and the State employees refuse to divulge the information surrounding the injuries received. It is difficult to see how the committee under these circumstances could formulate a claim with sufficient clarity to clearly establish the issues to be tried in this court. The applicability of such relief in this type of case was recognized in Matter of Kerwin (246 App. Div. 668).
The State of New York objects that under the circumstances here the scope of the examination cannot be determined.
This however, appears to be a technical rather than real objection. The court therefore will grant an order permitting an examination of appropriate employees of the State as to the facts and circumstances surrounding the broken leg suffered by the incompetent believed to have occurred in June, 1955, and the broken hip suffered by the incompetent believed to have occurred on or about November 6, 1955, and for the discovery and inspection of books and records as provided in section 296 of the Civil Practice Act.
Settle order on notice.