PFAUDLER PERMUTIT INC., Respondent, v. PRESTO PLASTIC PRODUCTS CO, INC., Appellant.

HALPERN, J. (dissenting). The action in which the order appealed from was granted was brought to recover the purchase price of certain machinery and equipment installed by the plaintiff under a conditional sale agreement and to recover for extra work and materials. It appears that the defendant had paid the plaintiff $250,000 on account; the balance of the contract price was to be paid in installments at the times specified in the agreement.

The action is not yet at issue. Prior to the time of the making of the motion, a first amended complaint had been served but subsequently the plaintiff served a second amended complaint and an appeal is now pending from an order dismissing that complaint in part. The defendant's time to answer has been extended pending the disposition of the appeal. However, it appears that the defendant intends to interpose a counterclaim in an amount in excess of the plaintiff's claim.

The order appealed from grants the plaintiff's motion to examine the defendant before trial to determine whether the defendant had removed any property from the State or contemplated any future removal of property and whether the defendant had assigned or secreted any property or contemplated any future assignment or secreting of property and also to determine whether any statements in writing made by the defendant as to its financial responsibility or standing were false. The alleged purpose of the examination before trial is to enable the plaintiff to determine " whether facts exist sufficient to justify an application by the plaintiff for a warrant of attachment or for other provisional or other equitable remedies" (cf. Civ. Prac. Act, § 903); and " to determine whether steps can be taken to secure the satisfaction of any judgment" which the plaintiff may succeed in obtaining.

There is no showing in the moving papers that the plaintiff has any basis for believing that any removal of property or secreting of property had taken place or was contemplated or that any false financial statement had been given by the defendant. On the contrary, as to the latter point, it is affirmatively stated by the plaintiff's officer that no financial statement had been issued by the defendant or relied upon by the plaintiff in entering into the agreement with the defendant. There is not even a claim or an assertion on information and belief that the defendant had been guilty of any of the improper acts concerning which an examination is sought. The defendant's answering affidavit denies that any transfer of assets has taken place other than in the normal course of business.

I can find no authority whatever for the granting of a motion to examine the defendant under the circumstances here presented. No application for a provisional remedy is now pending. The case of *Loonsk Bros.* v. *Mednick* (246 App. Div. 464) relied upon by the plaintiff is therefore not applicable here.

There may conceivably be circumstances under which an examination before trial may be permitted for the purpose of obtaining detailed information to support a proposed application for a provisional remedy but, in order to authorize such an examination, there must be a showing of some facts warranting a belief that the granting of the provisional remedy would be justified. In the analogous case of an application for an examination before trial to

frame a complaint, it is required that the plaintiff make a showing of merit, that is, a showing of some facts indicating that he has a cause of action against the defendant. "Something actionable must be shown" (*Stewart* v. *Socony Vacuum Oil Co.*, 3 A D 2d 582, 583). "A plaintiff seeking an examination of a defendant to frame a complaint must show his case has merit. The necessity arises from the policy of the law to protect itself against the invocation of public power for the enlargement of suspicion or for annoyance" (*Kenerson* v. *Davis,* 278 App. Div. 482, 485).

As this court said in *Beikirch* v. *Loebs* (243 App. Div. 859): "While an examination under rule 122 of the Rules of Civil Practice may be had to facilitate the accurate pleading of a known cause of action, it will not be allowed to enable plaintiff to ascertain whether facts exist sufficient to create a cause of action." (See, also, *East* v. *Endicott Forging & Mfg. Co.,* 280 App. Div. 651.)

The effect of the order is to authorize the plaintiff to conduct an examination equivalent to that in supplementary proceedings before it has succeeded in establishing its cause of action and obtaining a judgment.

If this practice is sanctioned, any plaintiff may simultaneously with the commencement of an action proceed to examine the defendant with respect to his financial condition and his ability to pay any judgment the plaintiff may succeed in obtaining. There is no authority under the Civil Practice Act or the Rules of Civil Practice for such procedure.

I therefore vote to reverse the order and to deny the motion.

All concur, except Halpern, J., who dissents and votes for reversal and denial of the motion in an opinion. Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.

Order affirmed, with $10 costs and disbursements.