Jambs S. Brown, J.
Following service of summons upon the defendants, plaintiff moves for an order pursuant to rule 122 of the Rules of Civil Practice, to examine defendants for the purpose of framing a complaint. According to plaintiff’s lengthy affidavit he claims that the City of New York, the Commissioner of Hospitals, and the administrator of the Bird S. Coler Hospital are liable to him for allegedly false, malicious and libelous or slanderous statements causing him injury in his professional standing as a medical doctor.
Despite the issuance to him of certificates of satisfactory service by the City of New York, plaintiff contends that the defendants gave him a “ bad reference,” causing him to be denied employment on two occasions.
In support of his contention plaintiff submits a copy of a letter of rejection from a New Jersey hospital, wherein plaintiff was advised that ‘ ‘ your reference was not good. ’ ’ In regard to the other rejection of employment at one of the city’s hospitals, he says he was verbally told by the deputy superintendent thereof that the plaintiff “ could not expect to get a position ” there because of the “ bad reference ” of him which had been given by the ‘ ‘ Bird S. Coler Hospital. ’ ’
The plaintiff states in his affidavit that the foregoing ‘1 statements issued by defendants ” are false. It is readily apparent at this point that the plaintiff has not submitted any of the statements made by the defendants. He has in fact submitted to the court in support of his accusations nothing but two separate characterizations and conclusions made by other persons. The incident which occurred at the Coler Hospital during plaintiff’s employment there, and which has been submitted as the probable motive for the purported “ bad references,” is unconnected and lacks evidentiary value.
That third persons communicated to the plaintiff, orally or in writing, the information or statement that plaintiff had been given a bad reference reflects nothing more than the conclusions of these individuals and may not be considered as evidence that the defendants had made false and malicious utterances constituting an actionable wrong. Therefore, upon the facts as presented herein, the court may not make a finding that plaintiff has made a proper showing of a meritorious cause of action. The failure to make such preliminary showing of merit is fatal to the motion. (Kenerson v. Davis, 278 App. Div. 482, 485; Crave v. Bart J. Ruddy, Inc., 132 N. Y. S. 2d 908 and cases *939 therein cited; East v. Endicott Forging & Mfg. Co., 280 App. Div. 651.)
The principle is sound and stems from the specific requirement of rule 122 that the 1 ‘ moving party must present proof * * * that the testimony of such person is material and necessary * * * for the prosecution * * * of such action. ’ ’ It has consequently been held that ‘ ‘ If facts sufficient to show some palpable cause are not before the court, no judge could say intelligently what is material and what is necessary ’ ’ (Kenerson v. Davis, supra, p. 485). The materiality and necessity must relate to an actionable wrong, rather than mere suspicion (Stewart v. Socony Vacuum Oil Co., 3 A D 2d 582, 583).
Furthermore, it has been the general rule of procedure that “ [w]hile an examination under rule 122 of the Rules of Civil Practice may be had to facilitate the accurate pleading of a known cause of action, it will not be allowed to enable plaintiff to ascertain whether facts exist sufficient to create a cause of action.” (Beikirch v. Loebs, 243 App. Div. 859; see, also, 5 Carmody-Wait, New York Practice, p. 404.)
While under the circumstances herein the court is required to deny the application, it is not to be inferred therefrom that the plaintiff is not in possession of sufficient facts upon which a complaint may be framed. Motion denied but plaintiff is granted an extension of time to serve his complaint within 10 days after service of the order to be entered hereon with notice of entry.
Settle order on notice.