In the Matter of FRIEDRICH ROLAND, Respondent. NICHOLAS L. DEAK et al., Appellants.

First Department, April 12, 1960.

*Harry Litwin* of counsel (*Leo Goldsmith, Jr.,* with him on the brief; *Greenwald, Kovner & Goldsmith,* attorneys), for appellants.

*Edward L. Sadowsky* of counsel (*Gettner, Simon & Asher,* attorneys), for respondent.

VALENTE, J. Pursuant to section 295 of the Civil Practice Act, an examination of witnesses before trial was ordered for the purpose of framing a complaint and identifying parties connected with the sale of certain stock. Petitioner averred that he had been engaged to procure a purchaser for the controlling shares of stock of a bank, that he did procure such a purchaser and had been informed that such person, or an entity controlled by him, purchased the stock on terms satisfactory to petitioner's principal. However, petitioner claimed that he was unable to frame a complaint or name the parties against whom an action should be brought because he had been unable to obtain information as to the sale from either his principal or the alleged purchaser.

Section 295 of the Civil Practice Act provides: "Testimony which is material to an expected party in the prosecution or defense of an action about to be brought in a court of record may be taken at his instance, by deposition, if the taking or preservation thereof is necessary for the protection of his rights."

In *Matter of Hufstutler* (220 App. Div. 587 [1927]), it was held in this Department that the adoption of section 295 of the Civil Practice Act did not change the Rules of the Code of Civil Procedure which limited depositions before the commencement of an action to the perpetuation of testimony. That holding has been the subject of pointed criticism (*Matter of Weiss [Mount Sinai Hosp.]*, 208 Misc. 1010). In the other Departments examinations have been permitted before the commencement of an action to determine the identity of prospective parties for the contemplated suit (*Matter of Schellings & Co. [Klein]*, 284 App. Div. 1050 [2d Dept.]; *Silverman* v. *Nachwalter,* 10 Misc 2d 169; *Matter of Strope,* 263 App. Div. 765 [3d Dept.]; *Matter of Kerwin [Brady]*, 246 App. Div. 668 [3d Dept.]; *Matter of Cohen [Stewart]*, 179 Misc. 6, affd. 265 App. Div. 1029 [3d Dept.]; *Lauffer* v. *Eastern Star Temple,* 210 App. Div. 619 [4th Dept.]); and such examinations have been granted to enable the framing of a complaint (*Peterman* v. *Schpelman,* 274 App. Div. 901 [2d Dept.]; *Halasz* v. *City of New York,* 17 Misc 2d 937 [Sup. Ct., Kings County]; *Lockwood* v. *Merchants Desp. Transp. Co.,* 142 Misc. 470 [Sup. Ct., Monroe County]).

However, applications have been denied where the affidavits did not fairly indicate that the applicant had a good cause of action and it appeared that the plaintiff was merely seeking to ascertain whether facts existed to create a cause of action (*New Rochelle Precision Grinding Corp.* v. *Marino,* 9 A D 2d 685 [2d Dept.]; *Stewart* v. *Socony Vacuum Oil Co.,* 3 A D 2d 582

[3d Dept.]; *Kenerson* v. *Davis,* 278 App. Div. 482 [3d Dept.]; *East* v. *Endicott Forging & Mfg. Co.,* 280 App. Div. 651 [4th Dept.]; *Beikirch* v. *Loebs,* 243 App. Div. 859 [4th Dept.]).

It becomes appropriate at this time to overrule *Matter of Hufstutler* (220 App. Div. 587, *supra*) and to remove the limitations imposed by that case. *Matter of Hufstutler* could be distinguished upon the basis of the finding there that the moving papers did not indicate any cause of action on the part of the applicant — a factor which would require a denial of the motion in any of the other Departments as well as in this one. However, the policy of this Department to extend the effectiveness of disclosure proceedings (see *Matter of Sakel,* 9 A D 2d 763; *Schneider* v. *Doyle,* 6 A D 2d 122, 123) and the general trend " towards the extension and greater liberalization of the provisions for such examination" (*City of Buffalo* v. *Hanna Furnace Corp.,* 305 N. Y. 369, 377) dictate that we overrule *Matter of Hufstutler,* and permit an examination, upon proper papers, under section 295 of the Civil Practice Act, for the purpose of determining the identity of defendants against whom a cause of action lies as well as for framing a complaint. The safeguards against vexatious and unfounded applications are fully discussed by BERGAN, J., in *Stewart* v. *Socony Vacuum Oil Co.* (3 A D 2d 582, *supra*). The broad language of section 295 of the Civil Practice Act was unnecessarily confined in *Matter of Hufstutler,* and the restrictions announced by that case should no longer prevail.

In the instant proceeding petitioner has well documented his assertions of a cause of action. The wall of silence erected by his principal and the alleged purchasers should not prevent disclosure of the facts which will permit petitioner to identify the prospective defendants in his contemplated suit and assist him to frame a proper complaint. Under the circumstances, the order of Special Term was properly granted.

The order should therefore be affirmed, with costs.

BOTEIN, P. J., BREITEL, STEVENS and BERGAN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.

Settle order fixing date for examination to proceed.