Caroline K. Simon, J.
Doris L. Kullman individually and in her capacity as temporary administratrix of the goods, chattels and credits of her late husband, Earl Q. Kullman, seeks leave of this court to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. In furtherance of said application, the petitioner seeks to examine the defendant before trial for the avowed purpose of establishing “ that the state or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim.” (§ 10, subd. 5.)
Since disposition of petitioner’s motion to examine the defendant will be dispositive of petitioner’s application for leave to file a late claim, as will become apparent from the factual findings to follow, these motions have been consolidated for decision.
Petitioner’s counsel’s uncontroverted factual recitals contained in his affidavit in support of the application for late filing establish that on August 26, 1964, the late Earl Q. Kullman and Doris L. Kullman were in a vehicular accident at the intersection of Roslyn Road and Powerhouse Road, East Hills, Nassau County, which accident resulted in the infliction of personal injuries and conscious pain and suffering upon Doris and Earl Kullman and property damage to their vehicle and other personal effects. The accident was alleged to have been caused by the existence of a nonoperative traffic signal light at the intersection, which in turn caused a vehicle driven by one Charles Dziombe to collide with the Kullman automobile.
On November 13, 1964, petitioner and. her husband filed a notice of claim with the County of Nassau, which filing was within the 90-day period required by the local law of that county *875 to institute timely suit. Thereafter, on February 11,1965, plaintiffs in the county action examined the district supervisor of the Long Island Lighting Company, who indicated that his employer was billing Nassau County for the power furnished the traffic light in question, thereby confirming counsel’s belief that the County of Nassau was the owner of the traffic light and thus properly sued.
It was not until April 27, 1965, after filing of a formal complaint against the county, that the county in its verified answer for the first time denied ownership and control over the particular traffic light. The office of defendant’s County Attorney furnished an affidavit of the Commanding Officer of the Traffic Safety Division of the Nassau County Police Department to establish that the traffic light was owned, operated and controlled by the State of New York.
The Attorney-General, in opposing the instant application, did not deny ownership or control of the traffic signal, but argued that petitioner had failed to establish 1 ‘ actual knowledge of the essential facts constituting the claim” in conformity with the requirements of law. No specific objection was made on the ground that petitioner had failed to establish a reasonable excuse for its failure to file within the 90-day period set forth in subdivision 3 of section 10 of the act. In that connection, the court finds that under the facts and circumstances heretofore recited, petitioner’s timely institution of suit against the County of Nassau in the mistaken belief that the county was the proper party defendant constitutes a reasonable excuse so as to satisfy the statute in that regard. (Matter of Gross v. State of New York, 9 A D 2d 594; Matter of Lebensfeld v. State of New York. 14 Misc 2d 936.)
The court further finds that on the basis of the papers submitted, petitioner has failed to establish the requisite “ actual knowledge ” on the part of the State or .its appropriate department which constitutes an independent requirement essential to enable the court to exercise its discretionary authority and grant the instant application. The only recital contained in counsel’s supporting affidavit pertinent to this requirement is the statement that the “ traffic signal lights at the intersection of Roslyn Road and Powerhouse Road were not in operation, and had not been in operation for some time prior to this which caused a collision between the Kullman automobile and an automobile driven by one Charles Dziombe, which was proceeding eastward on Powerhouse Road.” The affidavit is devoid of any recital that the State either had actual knowledge that the traffic light was defective on the accident date or within 90 days thereafter *876 or that an accident involving the petitioner had in fact taken place at the intersection in. question on that date due to the inoperative signal. On the basis of the foregoing determinations the court would be constrained to deny the instant application.
The conceded lack of proof in affidavit form in regard to defendant’s “actual knowledge” on the date in question or within 90 days of the happening of the accident resulted in the filing of petitioner’s subsequent motion to examine designated State officials to provide the requisite proof on this precise point.
Objection by defendant to this latter motion rests on two grounds. First, that examinations before trial of the State are governed exclusively by subdivision 2 of section 17 of the Court of Claims Act; that this section limits the exercise of judicial discretion to situations in which the examination is sought by a claimant to properly prepare for trial or to present his claim for trial; and that the lack of express statutory authority to permit examination by a nonclaimant for the purpose of framing his claim or demonstrating a cause of action precludes the exercise of discretion in this regard. Second, that even if the pertinent provisions of the Civil Practice Law and Rules (in this instance, 3102, subd. [c] thereof) are held available in the Court of Claims, petitioner is not entitled to the relief sought for the purpose of satisfying the court’s statutory requirements for late filing.
As to defendant’s first ground for objection there is ample authority for the proposition that where the Court of Claims Act is silent on the subject of an examination before trial for the purpose of preparing a claim, discretionary authority to act rests solely upon the provisions of the general Civil Practice Law and Rules in existence at the time application for such relief is made. (Court of Claims Act, § 9, subd. 9; Matter of Torres v. State of New York, 3 Misc 2d 590 ; Tabor v. State of New York, 49 N. Y. S. 2d 797.) That article 31 of the Civil Practice Law and Rules applies to the Court of Claims and was intended to liberalize the former practice has been determined in Di Santo v. State of New York (22 A D 2d 289).
Notwithstanding the foregoing, the court is in accord with defendant’s second contention, to wit, that petitioner may not invoke CPLR 3102 (subd. [c]) to satisfy the requirements of subdivision 5 of section 10 of the Court of Claims Act. The Attorney-General correctly asserts that no authority exists authorizing allowance of an examination before trial to permit proper preparation for trial and the presentation of a claim upon the trial until issue is joined. (Tabor v. State of New York, supra.) Here the express language of the Court of *877 Claims Act takes precedence over the Civil Practice Law and Rules.
We do not reach the question whether under proper circumstances a nonclaimant could invoke CPLR 3102 (subd. [c]) in order to frame his claim, since the avowed purpose of petitioner’s motion is not to frame his claim but rather to elicit facts upon which to ascertain whether a meritorious cause of action exists against the defendant. Our Appellate Divisions have held that an examination before trial for this purpose may not be had. (See Matter of Roland [Deak], 10 A D 2d 263, 264-265, where the authorities are cited.)
The rationale prohibiting examinations before trial for the purpose of enabling potential litigants to establish facts on which to predicate a possible cause of action is well expressed in the opinion rendered by the Third Department in Stewart v. Socony Vacuum Oil Co. (3 A D 2d 582, 583-584): “If such a practice be sanctioned, mere suspicion could invoke troublesome and expensive procedures against a party without any need of showing good cause; and without remedial protection to such a party; and what is perhaps worse, the opportunity for annoyance and intrusion with the aid of judicial power would be quite unlimited. The vaguest sort of apprehension could set in motion legal machinery with heavy impact on a purported adverse party; and there would be nothing vague about the weight of the impact.”
Proof that the State had actual knowledge of the essential facts constituting the claim within the statutory period provided for filing a notice of intention is an essential factual element which must be established in order to enable the court to exercise discretion and permit late filing. Such proof is an essential element in making out a meritorious cause of action since no duty devolves upon the State to answer for the infliction of harm wrought by the defective instrumentality in question unless knowledge of the defective condition, either actual or constructive, is established. While the assertion of knowledge or notice would suffice to permit examination of the defendant in order to enable a claimant to prepare for trial, after joinder of issue, as heretofore noted, it does not follow that proof of actual knowledge necessary to permit late filing may be established by reliance upon the device of pretrial examination. Recent authority to the contrary is found in Matter of Pelley (43 Misc 2d 1082 [County Court, Nassau County, 1964]), a case analogous to the one at bar.
The foregoing analysis compels the denial of the motion to examine the defendant. Since insufficient proof exists on the *878 papers submitted to satisfy the requirements of subdivision 5 of section 10 of the Court of Claims Act in regard to the issue of actual knowledge, the application for permission to file a late claim is likewise denied.
No opinion is expressed as to the availability to petitioner of the remedy provided under subdivision 2 of section 10 of our act upon confirmation of her appointment as administratrix of the goods, chattels and credits of her late husband.