Marshall E. Livingston, J.
This is a motion for a protective order against an ex parte order granted by me directing Fotomat Corporation (Fotomat) to appear and submit to an examination under oath so as to furnish the names and addresses of its franchisees and lessors in New York State, or in the alternative to furnish a verified list of the same people.
In making its application for the ex parte order under CPLR 3102 (subd. [c]), plaintiff Eastman Kodak Company (Kodak) relied on the affidavit of its attorney setting forth certain exhibits and photographs depicting alleged improper use of Kodak’s trade-marks, service-marks and trade dress on merchandise kiosks in shopping centers by Fotomat and others, which it is said cause confusion and constitute false advertising and other violations of article 24 of the General Business Law of the State of New York.
*1026 Fotomat .asserts (1) that Kodak’s papers do not show it has a “ good cause of action ” and (2) that Kodak is engaged in “an improper fishing expedition ’ ’.
Fotomat correctly states the law when it argues, ‘ ‘ In order to become entitled to an examination for the purpose of framing a complaint plaintiff must first show that he has a good cause of action ”. (East v. Endicott Forging & Mfg. Co., 280 App. Div. 651. Italics supplied.)
The order from which Fotomat seeks protection contained but two principal decretal paragraphs, the pertinent parts of which are as follows:
11 ordered that Fotomat * * * by a knowledgeable officer or * * # authorized agent * * * appear * * * and submit to an examination .and give testimony under oath as to the names and last known addresses of said Fotomat Corporation’s franchisees and lessors in New York State, -or as an alternative * * * it is further
‘ ‘ ordered that * * * Fotomat * * * provide to plaintiff’s attorneys * * * a list of the names and last known addresses of its franchisees and lessors in New York State, verified by an officer of said Fotomat * * * ”
Nothing whatever was asked regarding the subject matter of the action. What Kodak wants, and is entitled to have, is an accurate list of Fotomat’s New York State franchisees (because they are licensed or enfranchised by Fotomat to carry on the alleged activity which Kodak claims is prohibited by and in violation of General Business Law, art. 24 relating to trademarks, service-marks and business reputation) and lessors (because these people presumably lease to Fotomat the space whereon the kiosks are erected in the furtherance of its business).
Fotomat suggests that Kodak can bring an action for 1 ‘ unfair competition Indeed, says Fotomat, such .an action is pending in United States District Court in Georgia, and much of the very information Kodak claims it needs here has already been furnished in that litigation.
This is no answer to the order which directs that Fotomat furnish a list of people who, as franchisees and lessors, are not only proper but necessary parties to this lawsuit.
Kodak knows what it alleges has been done and avers that it can frame a complaint. What it doesn’t know is the identity of the franchisees and lessors in New York State. Under the enlightened rules of disclosure provided by the CPLR, it is not necessary for Kodak to comb the State and the assumed business *1027 name indices of a multitude of clerks ’ offices to locate franchisees of Fotomat.
In all judicial departments in New York for manv years, examinations have been permitted before the commencement of .an action to determine the identity of prospective parties before suit (Matter of Roland [Deak], 10 A D 2d 263 [1st Dept.]; Matter of Schellings & Co. [Klein], 284 App. Div. 1050 [2d Dept.]; Silverman v. Nachwalter, 10 Misc 2d 169; Matter of Strope, 263 App. Div. 765 [3d Dept.]; Matter of Kerwin [Brady], 246 App. Div. 668 [3d Dept.]; Matter of Cohen [Stewart], 179 Misc. 6, aifd. 265 App. Div. 1029 [3d Dept.]; Lauffer v. Eastern Star Temple, 210 App. Div. 619 [4th Dept.]). (See, also, 7 Carmody-Wait 2d, New York Practice, § 42:13.)
The affidavits and exhibits submitted are sufficient to support the ex parte order, and the motion for an order of protection is denied.