IRVING M. SATINOFF, Individually and as Voluntary Administrator to Settle the Estate of HELEN L. SATINOFF, Deceased, et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Claim No. 58076.)—Appeal from an order of the Court of Claims, entered June 2, 1975, which denied claimant's motion for leave to file a late claim. This claim arises from the death of claimant's decedent on August 13, 1973 as the result of alleged malpractice. The claimant filed a claim on December 10, 1973 asserting the wrongful death of the decedent, but was not appointed administrator of her

estate until December 19, 1973. On January 3, 1975 claimant moved for leave to file an amended claim. The Court of Claims denied this application on February 18, 1975 and granted a cross motion by defendants to dismiss the claim on the ground that it was not timely filed under subdivision 2 of section 10 of the Court of Claims Act. On April 15, 1975, claimant moved, pursuant to subdivision 5 of section 10 of the Court of Claims Act, for leave to file a late claim. This appeal is from the denial of that motion. This court was recently confronted with a similar situation in *Johnson v State of New York* (49 AD2d 136). In that case we held that the filing by the claimant of a notice of intention to file a claim prior to her appointment as administratrix for the wrongful death of her son met the requirement of subdivision 2 of section 10 of the Court of Claims Act that "A claim by an executor or administrator of a decedent [in a wrongful death action] shall be filed *within ninety days after the appointment* of such executor or administrator, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent." (Emphasis supplied.) Although the instant case is distinguishable in that the paper filed by the claimant prior to his appointment as personal representative of the decedent was purportedly a "claim" rather than a "notice of intention" (Court of Claims Act, § 11), a close examination of the said paper filed on December 10, 1973 leads us to the conclusion that regardless of how it may be characterized, it was more than sufficient to place the respondents on timely notice of the instant claim. Because claimant's filing was timely in the first instance (Court of Claims Act, § 10, subd 2), his application to file a late claim should have been granted. Order reversed, on the law and the facts, without costs; motion granted on the condition that claimant file a claim within 20 days after service of the order to be entered hereon with notice of entry. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.