Albert A. Blinder, J.
This is an application for an order granting discovery and inspection before the commencement of an action. In the moving papers, the petitioner states that on August 12, 1975, the United States Army disclosed for the first time that the petitioner’s father[1] Harold Blauer had died on January 8, 1953, during a drug experiment program carried out by the New York State Psychiatric Institute pursuant to a contract it entered into with the Chemical Corps Procurement Agency, Army Chemical Center.
The petitioner’s mother, Amy Blauer, as administratrix, had filed a claim against the State of New York, in the Court of Claims, on April 2, 1953. The claim designated Claim No. 31824 asserted two causes of action.
The first was for negligence in the care and treatment of petitioner’s father while he was a patient at the New York State Psychiatric Institute. (Included were allegations that the State of New York negligently caused and permitted a substance to be administered to him which was toxic and dangerous.) It was stated that as a result the decedent suffered, inter alia "great pain, suffering and inconvenience; and he died on January 8, 1953 about two hours and twenty-two minutes after said injection was administered to him as aforesaid.”
The second cause was for wrongful death based on the above allegations.
A perusal of a copy of the court’s file for Claim No. 31824 indicates that on January 5, 1954, an order was entered granting an inspection of the records pertaining to the decedent and an examination before trial of two doctors who were then employees of the New York State Psychiatric Institute. *458 These were to have taken place on January 12, 1954. (The petitioner, in her affidavit, stated that neither she nor her attorney has been able to inspect the records or the transcripts of the examinations, if indeed they were conducted.)
Thereafter Claim No. 31824 came on for trial. On June 17, 1955, the court, at the request of the administratrix and the respondent, signed findings of fact and conclusions of law that the cause of decedent’s death was the negligence of respondent and awarded the sum of $18,000.
Judgment was entered on July 7, 1955, which was in full settlement of the claim.
Petitioner’s attorney’s affidavit stated that the petitioner both in her individual capacity and as representative of the estate of the decedent "may have various causes of actions against the State of New York, its departments, its current and former officers, agents and employees and against the United States Government, its departments, and its current and former officers, agents and employees, among others.” It was also asserted by petitioner’s attorney that "[t]he documents sought by the within motion are, in my opinion, essential to proper prosecution of the claim pending with the Department of the Army and to a determination of the alternative causes of action which may be available to Ms. Barrett, an evaluation of the relative merit of those causes of action and the framing of a complaint in an appropriate action.”
The able Assistant Attorney-General representing the respondent contends that petitioner is not entitled to review the hospital records of the decedent because she has failed to demonstrate that she has at least a prima facie cause of action. Moreover, it is argued that an action for wrongful death and for conscious pain and suffering had been instituted and settled by the administratrix of the estate of the decedent. "The facts surrounding the death”, we are told, "were known to the administratrix.”
In substance, the respondent’s argument is that the petitioner not only failed to set forth a potential cause of action, but is precluded from bringing any action in this court. Therefore, the decedent’s hospital records could only be utilized against the Department of Army or in a forum other than this one.
Subsequent to the original return date of this motion (which *459 had been adjourned), the petitioner filed a notice of intention to file a claim under section 10 of the Court of Claims Act. In addition, the petitioner filed a petition in the Surrogate’s Court of Nassau County requesting appointment as administratrix de bonis non. There is, of course, no difficulty in the daughter filing a notice of intention prior to her appointment as administratrix. (Johnson v State of New York, 49 AD2d 136; also, see Satinoff v State of New York, 50 AD2d 1048.)
In the respondent’s supplemental memorandum of law, it is argued that the motion herein is made moot by the filing of the notice of intention. The original motion was brought under CPLR 3102 (subd [c]), which provides for disclosure prior to commencement of an action. Under CPLR 3102 (subd [f]), disclosure is available in an action in which the State is properly a party.
The respondent argues that since the purpose of CPLR 3102 (subd [c]), is to aid in bringing an action, the filing of the notice of intention obviates the need for the relief sought. (Petitioner initially stated that she lacked sufficient knowledge to comply with the Court of Claims Act.) It is true, as the respondent asserts, that the only difference between a claim and a notice of intention to file a claim in section 11 of the Court of Claims Act is that the items of damage or injuries and the sum claimed need not be stated in the latter. The notice of intention filed by Elizabeth Barrett does meet the requirements of section 11 of the Court of Claims Act. The court does not agree with the respondent that no discovery may be had until after commencement of the action against the State by the filing of the claim. Discovery proceedings may be allowed in proper instances notwithstanding the fact that the claim has not yet been filed. (Matter of Torres v State of New York, 3 Misc 2d 590; Matter of Lee v State of New York, 183 Misc 615.) While it may be true that the petitioner has sufficient information to enable her to draft a claim, it is not logically correct to deny the relief requested merely because the petitioner has not inserted the items of damage or injuries and sum claimed.
However, it must be acknowledged that the State has reason to complain that mandated discovery could be prejudicial. For one thing, the State cannot move to dismiss a notice of intention, but only may do so when the claim is filed. This is perhaps the rationale for the case law requiring one to show that one has a cause of action before an order may be granted *460 for an examination under CPLR 3102 (subd [c]). (East v Endicott Forging & Mfg. Co., 280 App Div 651.)
In deciding the instant motion the court has given the supporting papers the most liberal interpretation that is possible, viewing them in a light most favorable to petitioner. (Schuster v City of New York, 5 NY2d 75.) However, it is well established that examinations before trial may not be had to ascertain whether facts exist sufficient to create a cause of action. For the court to grant the requested relief, the papers must allege facts which fairly indicate that a cause of action exists. (Matter of Roland [Deak], 10 AD2d 263; East v Endicott Forging & Mfg. Co., 280 App Div 651, supra; Eastman Kodak Co. v Photomat Corp., 62 Misc 2d 1025; Matter of Pelley, 43 Misc 2d 1082.)
One of the leading cases on this point is Stewart v Socony Vacuum Oil Co. (3 AD2d 582, 583) wherein it was stated: "The party seeking the examination ought to disclose under oath facts which will fairly indicate he has some cause of action against the adverse party. He need not, of course, either name it correctly or state it with technical precision, but as a matter of judicial policy he ought to be required to show * * * that the examination he seeks is 'material’ and 'necessary’ to some actionable wrong.”
With the above in mind, the court directs its attention to the notice of intention. It makes reference to the death of the petitioner’s father and the fact that the then administratrix filed a claim against the State of New York in this court to recover damages for the pain and suffering of decedent and for his death. It then recites that the matter then came on to be heard before the Court of Claims and that the administratrix who was unaware of the true facts relating to the death of decedent agreed to settle those proceedings. The notice states that on August 12, 1975, the petitioner learned that decedent "had been the victim of an Army drug experiment program upon human subjects which was carried out pursuant to a secret contract between the Chemical Corps Procurement Agency, Army Chemical Center, Maryland and Institute.”
In the notice, it is recited that, "[o]n September 10, 1975, Claimant learned that the State of New York through its officers, agents and employees had engaged in a conspiracy with the United States Government through its officers, agents and employees to cover up the existence of the aforementioned experimental drug program. In furtherance of that *461 conspiracy, the aforementioned officers, agents, and employees conspired, among other things, not to reveal the existence of the aforementioned secret contract, nor the purpose, nature and effects of the drugs administered to Blauer and to conceal from Amy Blauer and this Court the true facts relating to the death of Blauer.” The last pertinent paragraph of the notice provides that "[t]he failure to disclose the true facts relating to the death of Blauer constituted a fraud upon this Court, Amy Blauer and claimant.”
It is clear from the notice of intention and from all the papers submitted in support of this motion that the only new wrong which is complained of is this "alleged conspiracy” to keep from the administratrix in the Blauer claim and the public in general the knowledge that the decedent’s death was caused by a secret experimental drug program. Despite the controversial aspects of the program and the incomprehensible reasons for its continued secrecy, the court must question what further legal wrong has been committed which would give rise to a new cause of action in favor of the petitioner. To ascertain the answer to this question, the court must not only evaluate the claim for which judgment was awarded, but also determine whether a new cause of action exists for the alleged tort of conspiracy.
It is basic that a judgment entered in one action is conclusive in later actions not only as to matters actually litigated therein but also as to any that might have been so litigated. (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304.) As to the original claim, while it is now alleged that the fact that decedent died as a result of a secret drug experiment was kept from the administratrix, the petition filed in the Nassau County Surrogate’s Court for leave to compromise her cause of action for wrongful death, recited that the decedent died as a result of the administration of a drug and the cause of death was stated by the medical examiner’s office to be "coronary arteriosclerosis, sudden death after intravenous injection of a mescalin derivative, January 8, 1953.” Therefore, it is apparent to the court that the claimant had sufficient information regarding the death of the decedent to pursue her claim. The only thing that the claimant in that action did not have, was information pertaining to the involvement of the United States Government, through the Department of the Army. The court must properly question what difference this information would have had with regard to that claim. There is no *462 allegation that the judgment was insufficient or would have been in a greater sum had the withheld information been known.
There is no claim alleged which would provide the court with a vehicle from which it could exercise its jurisdiction under article II of the Court of Claims Act.
It is the law of this State and in many other jurisdictions that punitive damages are not allowed and cannot be awarded for pain and suffering before the death of a decedent nor for that matter are they allowed in wrongful death actions. (EPTL 11-3.2, subd [b].) This was also the law under the predecessor, section 119 of the Decedent Estate Law. (Blessington v McCrory Stores Corp., 198 Misc 291, affd 279 App Div 807, affd 305 NY 140.) In general, it is the universally acknowledged rule in the United States that punitive damages are not recoverable in either a survival or wrongful death action, unless the statute so provides expressly or by clear implication; (Meehan v Central R. R. Co. of N. J., 181 F Supp 594; Mattyasovszky v West Towns Bus Co., 21 Ill App 3d 46; Burns v Van Laan, 367 Mich 485; also, see 25a, CJS, Death, § 97; 22 Am Jur 2d, Death, § 136.)
The averments fail to contain a basis for a claim of damages for mental anguish precipitated by the State’s acts (Battalla v State of New York, 10 NY 2d 237) caused by a breach of the respondent’s duty owed to this petitioner. (Tobin v Grossman, 24 NY2d 609; cf. Johnson v State of New York, 37 NY2d 378.)
It is also the court’s opinion that no new cause of action exists under the law of New York for conspiracy independently as a tort[2] nor is there any other cause of action asserted in the notice of intention as filed. The court therefore denies petitioner’s application. The denial of the instant application is without prejudice to renew upon proper papers showing the basis for the relief requested or upon a motion pursuant to CPLR 5015 requesting relief from the judgment heretofore entered.

. Petitioner’s father, Harold Blauer, will hereafter be referred to as the decedent. Petitioner’s mother, Amy Blauer, will hereafter be referred to as the administratrix.

. Cf. Prosser, Torts (4th ed, § 46).